MANGUM v. THURMAN et al. (No. 1627.)

(Court of Civil Appeals of Texas. Texarkana. April 20, 1916.)

APPEAL AND ERROR ☞753(2), 773(4)—AFFIRMANCE—ASSIGNMENTS OF ERROR—BRIEFS —NECESSITY.

Where appellant filed no brief or assignments of error, and respondents filed briefs and prayed affirmance, under court rule 42 (142

S. W. xiv), declaring that where an appellant or plaintiff in error has failed to prepare the case for submission the appellee or defendant in error may file a brief in the manner required of the appellant, except that his propositions will be shaped to show correctness of judgment, and the court may, in its discretion without further examination of the record, affirm the judgment, judgment will be affirmed; there being no fundamental error which could be considered in the absence of assignments.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3088, 3089, 3104, 3109; Dec. Dig. ⊜753(2), 773(4).]

Appeal from District Court, Hunt County; Wm. Pierson, Judge.

Action by J. M. Thurman against E. P. Mangum and Roy Shoemake. From a judgment for plaintiff against the several defendants, and for the last-named defendant against defendant Mangum, the latter appeals. Affirmed.

Wm. E. Sayle, of Commerce, for appellant. O. C. Mulkey, of Commerce, and Crosby, Hamilton & Harrell, of Greenville, for appellees.

HODGES, J. This suit was brought by the appellee J. M. Thurman against appellee Roy Shoemake and the appellant, E. P. Mangum, upon four promissory notes of $500 each. It is alleged that the notes were given by Shoemake to Thurman as a part of the consideration for the sale of a tract of land, and that a vendor's lien was reserved in each of them. It appears from the record that Shoemake after his purchase sold the land to the appellant, Mangum, and that the latter assumed the payment of the notes sued on and also executed another note to Shoemake as additional consideration. Shoemake answered by a general demurrer and general denial, and by pleading over against his codefendant, Mangum, asking for judgment against the latter in the event judgment should be rendered against him at the instance of Thurman. Mangum answered, alleging that neither of the parties should recover against him, because of certain misrepresentations which induced him to purchase from Shoemake. It is unnecessary to reproduce the facts. The court instructed a verdict in favor of the appellee Thurman against both Shoemake and Mangum, and in favor of Shoemake against Mangum according to the pleadings. The appellant Mangum has filed no briefs, and there are no assignments of error to be consid.red in determining the correctness of the judgments rendered. The appellees Thurman and Shoemake have both filed briefs setting out the pleadings and facts, and have asked for an affirmance of the judgment under the provisions of rule 42 (142 S. W. xiv).

There appears to be no fundamental error of which this court can take cognizance in the absence of specific assignments. The judgment will therefore be affirmed.