### JOHN O'NEAL v. M. A. QUILTER.

No. 3060. Decided November 2, 1921.

(234 S. W., 528.)

**1.—Landlord and Tenant—Fixtures—Dwelling Erected by Tenant.**

One who occupied free of rent land of his employer, with the latter's consent and for his convenience in the matter of nearness to his work, and,

erecting thereon at his own cost a small dwelling for himself and family, removed it from the premises at the termination of his tenancy, is not to be presumed, being only a tenant at the landlord's will, to have intended to make it a part of the realty, and in the absence of contract as to the ownership of the building was not liable to the landlord for removing it.   (P. 348).

2.—Same—Altering Condition of Property.

The presumption as to ownership of a dwelling erected by the tenant at his own cost was not affected by the fact that, with the consent of the landlord, he had torn down an uninhabitable former dwelling on the premises and made a barn out of the materials.   (P. 349).

3.—Cases Discussed.

Hutchins v. Masterson, 46 Texas, 554; Cullers & Henry v. James, 66 Texas, 494; Wright v. McDonnell, 88 Texas, 150; discussed and applied. (P. 348).

Questions certified from the Court of Civil Appeals for the first District, in an appeal from Harris County.

*Townes & Vinson, J. H. Ross,* and *Fred R. Switzer,* for appellant. Permanent and lasting improvements erected by a tenant and affixed to the realty become realty and the property of the owner of the premises in the absence of clear evidence of intention of the parties to the contrary or of an express agreement that the improvements should belong to the tenant.   Bovet v. Holzgraft, 23 S. W., 1014, 5 Texas, Civ. App., 141; Menger v. Ward, 28 S. W., 821; Kay v. Hathaway, 51 S. W., 663, 21 Texas Civ. App., 466; Friedlander v. Rider, 47 N. W., 83, 30 Neb., 783; Felcher v. McMillan, 61 N. W., 791, 103 Mich., 494; Wright v. DuBignon, 40 S. E., 747, 114 Ga., 765; 19 Cyc. of Law and Proc., pp. 1065-6; 1046-47.

*Hutcheson & Hutcheson,* for appellees.—The court did not err in rendering judgment for the defendant, because the presumption of law is that improvements of this character placed without agreement for their removal remain personalty with the right in Quilter to remove them.   The verdict of the jury having found against the agreement, and the evidence establishing conclusively that there was no intention that the improvements should become part of the realty, the court did not err in rendering judgment for the defendant.   Cullers v. James, 66 Texas, 498; Wright v. Macdonell, 88 Texas, 146; Copp v. Swift, 26 S. W., 438.

MR. JUSTICE PIERSON delivered the opinion of the court.

This is a case presented to us by the Honorable Court of Civil Appeals upon a certified question.

The question together with the accompanying statement is so general in its nature as to be somewhat confusing as to just what is the legal query contained therein, and we have had some doubt as to whether or not it is within our jurisdiction.

From the certificate as a whole, however, it is reasonably clear that the question presents an issue of law rather than of fact for our determination.

We will briefly state the case and the question as follows:

John O'Neil brought suit against M. A. Quilter for the value of a certain small dwelling house erected by Quilter on land belonging to O'Neil, and which was thereafter torn down and removed from said land by Quilter.

John O'Neil had been an oil operator for a good many years, and owned many wells and holdings.

M. A. Quilter, who was in the employ of O'Neil, moved upon O'Neil's place at the request of O'Neil, in order to be closer to his work and for the purpose of furthering O'Neil's interests. While in O'Neil's employ Quilter was to pay no rent. There was a house on the place which had formerly been used as a dwelling, but at this time was not in condition for Quilter's family to live in. There was also a small shed for stock.

At O'Neil's request Quilter tore down the old house and with the lumber built a suitable barn for the premises. With material purchased and paid for by himself, Quilter built the three room box house on the premises of O'Neil, in which he and his family lived until he moved off of the premises, at which time he moved the house off.

In his suit for the value of the house, O'Neil alleged an agreement or understanding between them that Quilter was to leave the house on the place and that it should belong to O'Neil. This appears to have been the only fact question on this phase of the case that was submitted by the court to the jury, and upon it the jury found in favor of Quilter, that there was no agreement or understanding between them at the time Quilter built the house, or at any time, that it should belong to O'Neil and be left on the premises.

O'Neil's contention is, that under the admitted and proven facts and circumstances, in the absence of an agreement between them that Quilter could remove the house from the premises, it became the property of the owner of the land upon which it was situated.

Quilter's contention is, that under the same facts and circumstances, the presumed intention which the law imputes would make the house built by Quilter retain its character of personalty and subject to his right to remove it.

We interpret the Court's question to be:

In the absence of an agreement between O'Neil and Quilter that the house erected by Quilter should remain on the premises, does the law impute to Quilter the intention that the house should remain personalty and therefore subject to his removal?

The controlling question in the case is, was it Quilter's intention, at the time he built the house on O'Neil's premises, that it should

be a permanent accession to the freehold? This intention is to be ascertained from the facts and circumstances attendant upon the placing of the house there.

The principles governing the question are well expressed in Hutchins v. Masterson, 46 Texas, 554, 26 Am. Rep., 286, wherein the court says:

"The weight of modern authorities establishes the doctrine that the true criterion for determining whether a chattel has become an immovable fixture, consists in the united application of the following tests:

"1. Has there been a real or constructive annexation of the article in question to the realty?

"2. Was there a fitness or adaption of such article to the uses or purposes of the realty with which it is connected?

"3. Whether or not it was the intention of the party making the annexation that the chattel should become a permanent accession to the freehold. This intention being inferable from the nature of the article, the relation and situation of the parties interested, the policy of the law in respect thereto, the mode of annexation, and purpose or use for which the annexation is made.

"And of these three tests pre-eminence is to be given to the question of intention to make the article a permanent accession to the freehold, while the others are chiefly of value as evidence of this intention." See Moody v. Aiken, 50 Texas, 74; Willis & Bro. v. Morris, 66 Texas, 628; Jones v. Bull, 85 Texas, 136, 19 S. W., 1031.

Quilter was a tenant at will. O'Neil had the authority and right to terminate his occupancy of the premises at any time. That fact, in the absence of an agreement to the contrary, is persuasive that the placing of the house thereon by Quilter was for his temporary use and benefit.

Looking to the intention of Quilter in building the box house on O'Neil's land, it is not to be presumed that it was his purpose to enhance the value of the freehold, his tenancy being indefinite and uncertain, and the building being of a nature which could be removed without injury to the land. The legal presumption is just to the contrary, that it was not his intention to enhance the value of the freehold, but to place the house there for his own use and benefit, and that it should retain its character as personalty. Cullers & Henry v. James, 66 Texas, 494, 1 S. W., 314.

In discussing this same principle, Chief Justice Gaines, in the case of Wright v. MacDonnell, 88 Texas, 150, 30 S. W., 911, uses the following language:

"Whether it is or is not the intention of the parties in any particular case to make them the property of the landlord, is the very

point to be determined. An intention on part of the tenant to surrender a valuable right ought not to be lightly implied, though such intention might be made manifest by the circumstances of the particular case."

The appellant O'Neil insists that from the fact that appellee Quilter tore down the old house and with the lumber built a barn, and with material of his own built a small dwelling house, he thereby changed the condition and value of the realty, and that under the circumstances the house so built must be held to be a fixture and a part of appellant's premises, and not subject to removal.

There is nothing in the facts that indicates that the house was built in lieu of the old house that at O'Neil's request Quilter converted into a barn, nor as compensation for the use of the premises. In fact, that is negatived by the fact that Quilter moved on to the place to forward the interests of appellant, and was to pay no rent. All the material that was in the old house went into the building of the barn, and remained on the place.

Of course, if appellee had for his own use and convenience merely substituted the new house for the old, and appellant's property had thus been deprived of an improvement by the removal of it, and the property had been changed to its damage, quite another question would be before us. It appearing that the tearing down of the old house and the building of the barn was not connected with the building of the box house by a contractual obligation, but that it was done at the request of appellant, the removal of the box house from the premises left the premises in the same condition as at the time of and before it was built. Therefore, the fact that appellee did not leave the premises in exactly the same condition as they were before he went upon the premises, as appellant claims he should have, would be of no importance, and the controlling fact here would be that appellee built the box house upon appellant's land only for his own use and benefit while he resided thereon. This gives effect to the issue that was presented to the jury and their finding thereon, as well as to the judgment entered by the trial court. Issues not presented to the jury and not passed upon by it necessary to support the judgment entered by the court, are "deemed as found by the court in such manner as to support the judgment." Vernon's Sayles' Texas Civil Statutes, Article 1985.

Quilter being a tenant at will upon O'Neil's premises at O'Neil's request and for the furtherance of O'Neil's interests, if Quilter at O'Neil's request tore down the old house and built a barn out of the material, and if he built the box house with his knowledge and consent, and yet not as a part of an understanding that it should become a part of the freehold and remain on the premises, under the presumption the law creates, his intention was that he did not intend

it as a permanent improvement upon O'Neil's place, and the house would retain its character of personalty and the right to remove same would remain in Quilter.

Therefore, we answer the question in the affirmative.