**SOUTHWEST NAT. BANK et al. v. CHAPMAN, Com'r of Insurance and Banking. (No. 93.)**

(Court of Civil Appeals of Texas. Waco. Oct. 16, 1924. Rehearing Denied Dec. 11, 1924.)

**1. Appeal and error ⟾773(4)—Judgment affirmed, where appellant files no brief and record presents no apparent fundamental error.**

Under Rev. St. art. 2115, and rule 38 for Courts of Civil Appeals, judgment of trial court will be affirmed pursuant to appellee's brief, where appellant files no brief and the record presents no apparent fundamental error.

On Rehearing.

**2. Venue ⟾13—Statute held to authorize suit to establish ownership of, and for recovery of, notes to be brought in any county where they may be when suit is brought.**

Rev. St. art. 1830, subd. 10, does not require a suit to establish ownership and for recovery of possession of notes to be brought in county of residence of defendant claiming ownership and right of possession thereto, but authorizes suit to be brought in any county in which the property may be at time suit is instituted.

**3. Venue ⟾13—All persons claiming interest in notes sought to be recovered held proper parties, joinable in one suit in county where notes are.**

All persons interested in, or claiming interest in, notes sought to be recovered *held* proper parties, joinable in one suit in county where notes are when suit is instituted, pursuant to Rev. St. art. 1830, subd. 10.

Appeal from District Court, Johnson County; Irwin T. Ward, Judge.

Suit by J. L. Chapman, as Commissioner of Insurance and Banking, against the Southwest National Bank and others. From a judgment overruling their plea of privilege, defendants appeal. Affirmed.

B. Gayle Prestridge, of Cleburne, and Bailey, Nickels & Bailey and R. L. Stennis, all of Dallas, for appellants.

S. C. Padelford, of Fort Worth, and F. E. Johnson and Heber Henry, both of Cleburne, for appellee.

BARCUS, J. Appellee instituted this suit in the district court of Johnson county against appellants, to recover possession of bills receivable, notes and shares of stock in the Federal International Banking Company, claimed by appellee to be the assets of the Guaranty State Bank at Cleburne, Tex., in the aggregate sum of $48,902.25, which personal property appellee alleged was at the time the suit was instituted in Cleburne, Johnson county, Tex. Appellee also alleged that the property had been, in Johnson county, Tex., fraudulently transferred to the appellant Southwest National Bank of Dallas. The defendants filed pleas of privilege, to which the appellee filed a controverting affidavit. The court, after a hearing, overruled the pleas of privilege, from which this appeal is perfected.

[1] Appellants have filed no briefs in this cause, and appellee has filed his brief asking that the judgment of the trial court be affirmed. We have examined the record for fundamental error, and none being apparent, the judgment of the lower court is affirmed. Article 2115, Revised Statutes; rule 38 for Courts of Civil Appeals; Mangum v. Thurman (Tex. Civ. App.) 186 S. W. 227; Robinson v. Hill (Tex. Civ. App.) 193 S. W. 1082.

On Rehearing.

This cause was originally submitted in this court upon the record and brief of appellee, appellants having filed no brief. Upon consideration of the cause thus submitted, we affirmed the judgment of the trial court. Appellants have filed their motion for a rehearing, and, together with said motion, ask that they be permitted to file their brief, and that on rehearing the judgment of the trial court be reversed and remanded. It appears from the motion, as well as from appellee's brief, that appellants, long before the cause was submitted, had prepared their brief and supplied appellee with a copy, and, through no fault of appellants, their brief for some unaccountable reason was not actually filed in this court. Appellee urges no objection to appellants' motion for their brief to be filed. We therefore grant the motion of appellants to file their brief, and will now proceed to consider and dispose of the assignments of error and propositions presented by appellants' brief.

[2] The issue in this case is the ownership of about $48,000 worth of notes which were payable to the Guaranty State Bank of Cleburne, and which appellee alleged had been, in Johnson county, fraudulently transferred to the Southwest National Bank of Dallas, and alleged that appellants S. W. Sibley and Gus Neilon were claiming some interest in the notes. Appellee alleged that he, as commissioner of insurance and banking, was entitled to the notes, the Guaranty State Bank of Cleburne having closed its doors and its assets having been turned over to him in his official capacity. Appellants

filed their pleas of privilege in statutory form, and prayed that the cause be transferred to Dallas county. The trial court overruled appellants' pleas of privilege, and this appeal is from said order and judgment.

The trial court filed its findings of fact and conclusions of law, and found as a fact that, at the time the suit was filed, the notes in controversy were in Johnson county, Tex. The trial court also found that the notes had been fraudulently transferred in Johnson county by the Guaranty State Bank of Cleburne to the Southwest National Bank of Dallas. The appellant Neilon testified that he was in Cleburne on Friday, the day the suit was filed, and had the notes with him at that time, and that he was the owner and holder of the notes in controversy. Subdivision 10 of article 1830 of the Revised Statutes provides:

"Where the suit is for the recovery of any personal property, in which case the suit may be brought in any county in which the property may be, or in which the defendant resides."

Appellants' contend that this subdivision should be construed to mean that a suit for notes can only be brought in the county where the holder of the notes resides, and that since the trial court found the appellant Neilon resided in Dallas county, that Dallas county was the legal residence or situs of the notes, and that the suit could not be brought elsewhere. We do not agree with this construction. The statute does not provide that suit may be filed where the notes are "located" or where the holder of the notes "resides," but specifically says that suit for personal property can be brought where the property "may be." We do not agree with appellants' theory that a suit to establish ownership and recover possession of notes must be brought in the county of the residence of the defendant claiming the ownership and right of possession thereto. The real issue in this litigation is as to the ownership of the notes. The evident purpose of the statute is to permit a suit to establish ownership, and for the recovery of personal property to be brought in any county in which the property "may be" at the time the suit is brought. The trial court found—and the evidence supports its finding—that at the time this suit was filed, the notes in controversy were in Johnson county, and the trial court did not commit error in overruling appellants' pleas of privilege.

[3] All persons interested in or claiming an interest in the notes are proper parties and can be joined in one suit in Johnson county.

The other assignments of error briefed by appellants present questions which are not necessary to be determined on the question of the pleas of privilege. There being no error in the judgment of the trial court, appellants' motion for a rehearing is overruled.