**HAMMOND v. CLAYTON et al.    (No. 3229.)**

Court of Civil Appeals of Texas.    Amarillo.
May 8, 1929.

Jeff D. Ayres and H. D. Payne, both of Floydada, for appellant.

Bouldin & Fish, of Matador, for appellees.

JACKSON, J.   This suit was instituted in the district court of Motley county, Tex., by the plaintiffs, H. O. Clayton, for himself, and Mrs. Laura Giddings, a feme sole, as next friend for Charles and Claud Lyles, minors, against the defendants Jim Hammond and the First National Bank of Matador, to recover plaintiffs' alleged interest in certain notes fully described in their petition.

Plaintiffs alleged that the defendant Hammond resides in Foard county, Tex., and the defendant First National Bank of Matador, a banking corporation, has its office and principal place of business in the town of Matador, in Motley county, Tex.

Plaintiffs fully pleaded the purported claims of the defendants to said notes and allege in detail the interest of the respective plaintiffs in said notes; that said notes are in Matador, in Motley county, Tex., and are in possession of and held in said county by the defendant the First National Bank of Matador.

We deem it unnecessary to state the allegations of plaintiffs' petition in greater detail on the merits of their alleged cause of action, but consider it sufficient to say that their pleadings are sufficient to show their interest in the notes involved in the controversy.

The defendant Jim Hammond filed his plea of privilege to be sued in Foard county, the county of his residence, and also alleged that the bank of Matador was fraudulently made a party to the suit in order to give the district court of Motley county jurisdiction to try and dispose of the case on its merits.

The plaintiffs filed a proper controverting affidavit to said defendant's plea of privilege and, after a hearing by the court, the plea of privilege was overruled, from which action of the court, the defendant Jim Hammond prosecutes this appeal.

The testimony on the plea of privilege discloses, without contradiction, that the notes involved in the controversy are in Motley county, Tex., in possession of the defendant bank, and that its place of business is in Matador in said county; that said notes were in the possession of the bank in Matador at

the time the suit was instituted, and it still has possession thereof; that the bank claims no ownership of any interest in the notes; but that they were deposited with it for collection.

There are sufficient allegations in the plaintiffs' controverting affidavit to present the question of the conversion of the notes in Motley county by the defendant Hammond, and the testimony presents such issue; but we deem it unnecessary to make a further statement of either the pleadings or the testimony, as, in our opinion, the court correctly overruled the plea of privilege, as the record shows without contradiction that the notes involved were in Motley county at the time of the institution of the suit and at the time of the trial on the plea of privilege, and this is sufficient to fix the venue. Southwest National Bank et al. v. Chapman, Commissioner of Insurance and Banking (Tex. Civ. App.) 266 S. W. 599; Gohlman Lester & Co. v. Griffith (Tex. Com. App.) 245 S. W. 233.

The judgment is affirmed.