## PEARSON et al. v. BLACK et al.

### No. 1819.

Court of Civil Appeals of Texas. Eastland.

June 29, 1938.

L. R. Pearson, of Ranger, and Conner & Conner, of Eastland, for appellants.

Ben J. Dean, of Breckenridge, for appellees.

LESLIE, Chief Justice.

The plaintiffs Wm. Black and others instituted this suit in Stephens County, Texas, against L. R. Pearson, Pete Jensen and Link Oil Corporation, a corporation, with its principal place of business at Houston, Harris County, Texas, to recover certain oil well casing, etc. It was alleged that the defendants had taken the same from an abandoned oil and gas well in Stephens County. The plaintiffs alleged that they were the owners of the fee in the land and that the casing had been abandoned by the oil company and as the result thereof they had become the owners thereof.

Plaintiffs sought to have the defendants enjoined from removing the casing, etc., and on final hearing "judgment for the title and possession of the casing remaining in said well, and the rig timber thereat, with judgment against all of the defendants for the market value of the casing removed from said well," etc.

The defendants Pearson and Jensen filed pleas of privilege to be sued in Eastland County, the county of their residence. The plaintiffs in due time filed a controverting affidavit and sought to maintain the venue of the suit in Stephens County under exceptions 9, 10, 14, 23 and 29a to the general venue statute, Art. 1995, R.S. 1925, Vernon's Ann.Civ.St. art. 1995, subds. 9, 10, 14, 23, 29a.

This is a venue or plea of privilege case and at the conclusion of the testimony therein offered on the trial, the pleas were overruled and the defendants appeal.

In 1911 the plaintiffs Wm. Black and others executed to the Texas Company an oil and mineral lease covering numerous tracts of land in Stephens County, and embracing 10,255 acres. In 1920, the Texas Company assigned 80 acres of the land covered by this lease to J. W. Link, who later in the same year transferred the same to said Link Oil Corporation. Soon thereafter the company drilled a paying gas well on the 80 acres of land and produced gas therefrom in paying quantities until about January, 1932. Sometime subsequent to 1932, about 1935, the rig over the well blew down. No effort was made to remove the casing therein until the defendants undertook to do so, as alleged in the pleadings. The original lease contract to the Texas Company provided, among other things, the "privilege of renewing and removing all such structures at will" that might be put on said lease in the development of same for oil and gas, etc. Further, that if lessee "should sink a well * * * and discover either oil, gas or other minerals within the limits of the time, or the extension of such as herein provided for, then this conveyance shall be in full force and effect for twenty years

from the discovery of said production and as much longer as such minerals are produced in paying quantities."

Many paying wells were drilled and produced upon said land and several of them are still being produced under the terms of the original lease, and among such wells is the original or initial well drilled by the Texas Company. Another stipulation in the original lease is as follows: "For every well drilled there shall in all events be secured from forfeiture an area 200 feet square with the well in the center, together with 160 acres of land adjoining said acreage to be precisely designated by the grantee if the grantor so demands."

While the defendants did not answer on the merits of the main case, the evidence indicates that they claim some rights to the casing through the Link Oil Corporation. There is, however, a stipulation in the record "that there are no instruments affecting the title to the property involved in this suit filed in reference to placing title in the defendants L. R. Pearson and Pete Jensen." The Link Oil Corporation disclaimed any interest in the subject matter of the litigation, and without going into details but confining present considerations to the venue question, that company is evidently a nominal party only and neither a proper nor necessary party.

■ According to the plaintiffs' pleading they rest their title to the casing in said well solely on the grounds of abandonment. Defendants' first contention is that plaintiffs' petition is subject to a general demurrer on the ground that "the petition merely alleges abandonment as a conclusion and wholly omitted the necessary element of intention to abandon * * *." The attack is leveled specifically at such omission or vice and if there be other deficiencies in allegations of substance, the brief does not direct attention to the same.

This court has carefully considered the allegations of the petition and we are of the opinion that they sufficiently allege facts from which such element must necessarily be implied. An allegation of intention eo nomine is not indispensable. We hold the pleading sufficient in the respect under consideration.

■ The allegations of the plaintiffs' petition disclose the nature of the action to be one for the establishment of ownership and recovery of possession of personal property situated in Stephens County when this suit was filed, and the evidence conclusively shows that the personal property was so situated at that date. That being the nature of the case, and the evidence establishing the facts stated, the suit is properly maintainable against these defendants in Stephens County under exception 10 to the general venue statute. Congelton v. L. Mundet & Son, Tex.Civ.App., 43 S.W.2d 1111; Southwest Nat. Bank v. Chapman, Tex.Civ.App., 266 S.W. 599; Hammond v. Clayton, Tex.Civ.App., 17 S.W.2d 95.

That the suit in its controlling and essential elements is one for the recovery of personal property is established by the following authorities: Moore et al. v. Carey Bros. Oil Co., Tex.Com.App., 269 S.W. 75, 39 A.L.R. 1247; Wright v. Macdonnell et al., 88 Tex. 140, 30 S.W. 907; O'Neal v. Quilter, 111 Tex. 345, 234 S.W. 528; Texas & N. O. Ry. Co. v. Clevenger, Tex. Civ.App., 223 S.W. 1036.

It is unnecessary to consider whether the venue of this suit is maintainable in Stephens County under other exceptions. The question of title by abandonment pertains to the merits of the lawsuit which will be developed in the final trial of the case. We are not concerned with that question in the disposition of the venue issue before us.

For the reasons assigned the judgment of the trial court is affirmed.