**DOWNING v. SLATTERY et al.**

No. 3983.

Court of Civil Appeals of Texas. El Paso.

Sept. 26, 1940.

Rehearing Denied Oct. 24, 1940.

Mobley, Roberts & Lockett, of Corpus Christi, and Lloyd & Lloyd, of Alice, for appellant.

J. Hodge Thompson and W. O. Slattery, both of Corpus Christi, for appellee.

PRICE, Chief Justice.

This is an appeal by Pat Downing, defendant in the trial court, from the order of the District Court of Nueces County overruling his plea of privilege to be sued in Duval County. Appellee Slattery, hereinafter called appellee, on the 17th day of June, 1939, filed this suit against Norma Spencer, as defendant, in substance alleging that he was joint owner with Norma Spencer of a certain cafe business situated in Nueces County and the fixtures and equipment thereof; that said interest was an undivided one-half interest conveyed to him by Norma Spencer on June 6, 1939; at that time an agreement was entered into between them that said Norma Spencer should operate the business and they to share equally in the net proceeds; breach by her of this agreement was averred, and the appointment of a receiver was sought to sell and divide the proceeds between them. A receiver was appointed as prayed. The receiver thereafter sought from the court authority to sell the property. Shortly after the filing of this application Frank Lloyd, Esq., one of the present attorneys for appellant, filed a motion as amicus curiae, alleging that neither of the parties to the suit had any interest in the property involved, but that one Pat Downing, having purchased same on the 16th day of March, 1939, was the owner thereof, and that Pat Downing was a necessary party to the suit. This motion for leave to file the amicus curiae appearance does not on its face appear to have been filed at the instance of appellant Downing. No action seems to have been taken on this motion.

On August 11, 1939, plaintiff filed his first amended original petition making Pat Downing a party defendant. The petition as to defendant Downing averred that he was claiming some interest in the property, the nature of which claim was unknown to plaintiff. The prayer was that the property be sold, the proceeds disposed of in accordance with law, and for judgment against Downing divesting him of any claim now asserted or heretofore asserted in the property.

On August 31, 1939, appellant filed plea of privilege in stereotyped form claiming the right to have the venue of the suit changed to Duval County, where he resided.

September 7, 1939, plaintiff filed controverting affidavit. Exceptions to Article 1995, R.S.1925, Vernon's Ann.Civ.St. art. 1995, were alleged to be under subdivisions 4, 10, 13 and 29a, respectively, of said article. Appropriate facts were alleged under each of said subdivisions.

Appellant filed a reply to the controverting affidavit consisting of a general demurrer and general denial.

Hearing was had on September 3, 1939, and the court entered an order overruling the general demurrer as to the plea of privilege. On hearing the plea of privilege was in all things overruled by the court.

Under the undisputed evidence plaintiff and defendant Norma Spencer were at all relevant times residents of Nueces County, and defendant Downing of Duval County. The property in question at all relevant times was situated in Nueces County. In our opinion the evidence, if not undisputed on this point, at least justified the trial court in so finding.

Appellant asserts that the court erred in failing to sustain his plea on the following grounds:

(1) The evidence failed to disclose a cause of action against both defendants; (2) the pleadings of plaintiff were incorporated in the controverting affidavit and failed to disclose that there was jurisdiction in the court; (3) that the evidence failed to show any title in plaintiff to the property involved.

We are of the opinion that beyond any question subdivision 10 of Article 1995 authorizes the maintenance of this suit in Nueces County. In so far as the cause of action was asserted against appellant, it was for the recovery of personal property. This personal property was shown by the evidence to be located in Nueces County.

In the hearing on the issues raised by plea of privilege and controverting affidavit the venue facts alone are in issue. It is not a trial on the merits.

In a suit for the recovery of personal property the main and controlling venue fact is the location of the property in the county where venue is sought to be maintained. Southwest Nat. Bank v. Chapman, Tex.Civ.App., 266 S.W. 599; Hammond v. Clayton, Tex.Civ.App., 17 S.W.2d 95; Congleton v. Mundet & Son, Tex.Civ.App., 43 S.W.2d 1111; Pearson v. Black, Tex. Civ.App., 118 S.W.2d 829.

In our opinion the matter as to the want of jurisdiction of the court is for the trial on the merits. If the petition fails to state a cause of action or to show jurisdiction it may be cured by amendment.

The judgment is affirmed.