### HEARN v. FRAZIER.
No. 2791.

Court of Civil Appeals of Texas. Eastland.
March 17, 1950.

Rehearing Denied April 7, 1950.

Blanton & Blanton, Albany, for appellant.

Wagstaff, Harwell, Wagstaff & Alvis, Abliene, for appellee.

LONG, Justice.

This is a venue case. The parties will carry the same designation as in the trial court. Plaintiff, J. S. Hearn, Jr., sued A. E. Frazier for a one-half interest in a spudder and oil well drilling machinery located in Shackelford County and for $1,860.00 alleged to be due him for labor performed in drilling six oil wells in said county and to foreclose a mechanic's lien upon such oil well machinery. Defendant filed his plea of privilege to be sued in Taylor County where he lived. Plaintiff controverted such plea and sought to hold venue in Shackelford County under Exceptions 10 and 12 to Article 1995, R.C.S. Upon a hearing, the court sustained the plea of privilege and ordered the case transferred to Taylor County. From this order plaintiff has appealed.

We believe the suit was properly maintainable in Shackelford County under Exception 10 of the venue statute. The pleadings, when construed as a whole, disclose that plaintiff's suit was for the recovery of personal property situated in Shackelford County. The proof conclusively shows the property was located in such county.

Defendant contends that plaintiff's petition shows on its face that Hearn and Frazier were partners and that a part-

ner cannot have a lien against partnership property for services rendered to the partnership. We agree with this contention and hold that under the pleadings and evidence plaintiff had no lien upon the property involved and hence venue could not be sustained in Shackelford County under Exception 12. To maintain venue under this Exception, plaintiff must show he has a valid lien upon property situated in Shackelford County. Defendant further contends that one partner cannot sue the other for interest in partnership property and that his remedy would be for dissolution of the partnership and accounting. This goes to the merits of the case. A hearing upon issues made by the filing of a plea of privilege and controverting affidavit is limited to a trial of the question of venue and not of the merits of the case. Stockyards Nat. Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300; Uvalde Construction Co. v. Waggoner, Tex.Civ.App., 159 S.W.2d 203; Bradley v. Trinity State Bank, 118 Tex. 274, 14 S. W.2d 810; Salisbury v. Taylor, Tex.Civ. App., 5 S.W.2d 874.

It is true plaintiff alleged and the proof shows that plaintiff and defendant entered into a partnership agreement. Defendant bought a spudder and oil well drilling machinery which cost $3,500.00. It was agreed between the parties that Hearn was to have charge of the drilling of wells for oil and gas on a contract basis and that when the partnership had made enough money to reimburse Frazier for the money expended for the spudder, that Hearn was to have one-half interest in the spudder and one-half interest in all profits made by the partnership. Plaintiff further alleged that he drilled six wells and that the partnership made enough money to pay for the spudder and in addition thereto, the sum of approximately $200.00.

■ There is a distinction between a trial upon a plea of privilege and a trial upon the merits of a case. The hearing on a plea of privilege is held to determine whether the defendant is suable on the transaction involved in the county where plaintiff files the suit. The hearing on the merits is to determine the liability, if any, of defendant on the transaction. It is well settled that on a hearing on a plea of privilege that no matters shall be tried or determined other than those that are necessary to determine whether venue is properly layed in the county where the suit is filed. Compton v. Elliott, 126 Tex. 232, 88 S.W. 2d 91; Farmers' Seed & Gin Co. Inc. v. Brooks, 125 Tex. 234, 81 S.W.2d 675; Cox v. Palacios, Tev.Civ.App., 188 S.W.2d 688; Tennessee Gas & Transmission Co. v. Heard, Tex.Civ.App., 190 S.W.2d 518.

■■ It has been held that even though plaintiff's suit may be unfounded, still if the proper venue facts are alleged and proved, the case is maintainable in the county where it is filed. Stockyards Nat. Bank v. Maples, supra. The controlling venue facts under Exception 10 are: (a) the petition must show that the suit is brought to recover personal property located in the county where the suit is filed; (b) the plaintiff must prove that the property is located in such county. Plaintiff, in his petition, seeks to recover a one-half interest in a spudder and oil well machinery. The proof conclusively shows that the spudder and oil well machinery is situated in Shackelford County. Thus it will be seen that plaintiff met the requirements of the law in establishing his right to maintain the suit in Shackelford County. Plaintiff was not required to prove his case, that is, he did not have to show he had a cause of action for the recovery of personal property situated in Shackelford County. Downing v. Slattery, Tex.Civ.App., 144 S.W.2d 371; Southwest Nat. Bank v. Chapman, Tex.Civ. App., 266 S.W. 599; Pearson v. Black, Tex. Civ.App., 118 S.W.2d 829 (and cases cited therein).

■ Plaintiff's petition may be subject to exceptions or a plea in abatement might be properly sustained thereto, but pleas of privilege in due order of pleading precede pleas in abatement and exceptions to the petition. Lone Star Finance Corporation v. Davis, Tex.Civ.App., 77 S.W.2d 711. However, in view of a trial on the merits we express no opinion on these questions.

We believe the trial court erred in sustaining the plea of privilege and the judgment is accordingly reversed and the cause remanded.