COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-05-337-CV

 

 

CITIZENS NATIONAL BANK                                                   APPELLANT

IN
WAXAHACHIE

                                                   V.

 

CITY OF RHOME, WISE COUNTY                                            APPELLEES

AND
NORTHWEST INDEPENDENT

SCHOOL
DISTRICT

 

                                              ------------

 

              FROM
THE 271ST DISTRICT COURT OF WISE COUNTY

 

                                              ------------

 

                                             OPINION

 

                                              ------------

I. Introduction

In three issues, Citizens
National Bank in Waxahachie (ACNB@) asserts
error in the trial court concerning the court=s determination that fuel dispensers at the Rhome Texaco convenience
store/service station were personalty, and not realty, for taxation
purposes.  We reverse and render.

 








II. Background

This is a case of disputed
fuel dispensers, and the question before this court involves a determination as
to their tax status as personalty or realty. Weratich Investments, Inc.
(Weratich) had become delinquent in its ad valorum taxes, and the City of Rhome,
Wise County and the Northwest Independent School District (the Taxing
Authorities) obtained a tax warrant on a property of Weratich commonly referred
to as the Rhome Texaco.  CNB had a
security interest and first position lien on the same property through a note
between Weratich and CNB, and Weratich had defaulted on the note.  To prevent the seizure of the property by the
sheriff and its sale to pay the delinquent taxes, CNB sought injunctive relief
and a declaratory judgment that the fuel dispensers at the Rhome Texaco were
realty, not personalty, and hence not subject to the tax warrant.








At the trial on CNB=s requested relief the court received the following evidence: (1) from
CNB, testimony by affidavit from Jeff Johnson with attachments A (Pumps and
Dispensers installation manual) and B (Pumps and Dispensers Site preparation),
and thirty-one photographs marked Exhibits 1 through 31, and (2) from the
Taxing Authorities, no testimony at all, but a Field Appraisers Guide and an
unexplained photograph, marked as plaintiff=s Exhibits 1 and 2, respectively, with no accompanying testimony by
affidavit or otherwise.  The trial court
denied CNB=s requested
relief, entered a declaratory judgment that the fuel dispensers are personal
property subject to sale pursuant to said Tax Warrant, and provided findings of
fact and conclusions of law. 

III. Issues Presented

On appeal, CNB raises the
following three issues:

(1)  The trial court erred in holding that the
fuel dispensers were not permanent improvements because Apermanence@ is not a
characteristic that is required under current Texas law;

(2)  The trial court erred in holding that the
fuel dispensers are personal property as defined under the Texas Property Tax
Code because the Taxing Authorities presented no evidence and/or insufficient
evidence to support such a holding by the trial court; and

(3)  The trial court erred in not holding as a
matter of law that the fuel dispensers attached to real property are Afixtures@ and
therefore Aimprovements@ as defined by the Texas Tax Code.

IV.  Standard of Review

Declaratory judgments are
reviewed under the same standards as other judgments or decrees.  See Tex.
Civ. Prac. & Rem. Code Ann. ' 37.010 (Vernon 1997). 
Declaratory judgments may determine fact issues in the same manner as
issues of fact are determined in other civil actions.  See id. ' 37.007.  








Findings of fact entered in a case tried to the court have
the same force and dignity as a jury= s answers to jury
questions.  Anderson v. City of Seven
Points, 806 S.W.2d 791, 794 (Tex. 1991). 
The trial court= s findings of fact are reviewable for
legal and factual sufficiency of the evidence to support them by the same
standards that are applied in reviewing evidence supporting a jury= s answer.  Ortiz v. Jones, 917 S.W.2d 770, 772
(Tex. 1996); Catalina v. Blasdel, 881 S.W.2d 295, 297 (Tex. 1994).  Conclusions of law may not be
challenged for factual sufficiency, but they may be reviewed to determine their
correctness based upon the facts.  Dominey
v. Unknown Heirs and Legal Representatives of Lokomski, 172 S.W.3d 67, 71
(Tex. App.CFort Worth
2005, no pet.); Rogers v. City of Fort Worth, 89 S.W.3d 265, 277 (Tex.
App.CFort Worth 2002, no pet.).








A legal sufficiency challenge may be sustained only when
(1) the record discloses a complete absence of evidence of a vital fact; (2)
the court is barred by rules of law or of evidence from giving weight to the
only evidence offered to prove a vital fact; (3) the evidence offered to prove
a vital fact is no more than a mere scintilla; or (4) the evidence establishes
conclusively the opposite of a vital fact. 
Uniroyal Goodrich Tire Co. v. Martinez, 977 S.W.2d 328, 334 (Tex.
1998), cert. denied, 526 U.S. 1040 (1999);
Robert W. Calvert, "No Evidence" and "Insufficient
Evidence" Points of Error, 38 TEX. L. REV. 361, 362-63 (1960).  If a party is
attacking the legal sufficiency of an adverse finding on an issue on which the
party had the burden of proof, and there is no evidence to support the finding,
we review all the evidence to determine whether the contrary proposition is
established as a matter of law.  Dow
Chem. Co. v. Francis, 46 S.W.3d 237, 241 (Tex. 2001); Sterner v.
Marathon Oil Co., 767 S.W.2d 686, 690 (Tex. 1989).  In determining whether there is legally
sufficient evidence to support the finding under review, we must consider
evidence favorable to the finding if a reasonable factfinder could, and
disregard evidence contrary to the finding unless a reasonable factfinder could
not.  City of Keller v. Wilson, 168 S.W.3d 802, 827 (Tex. 2005). 

An assertion that the
evidence is factually insufficient to support a fact finding means that the
evidence supporting the finding is so weak or the evidence to the contrary is
so overwhelming that the answer should be set aside and a new trial
ordered.  Garza v. Alviar, 395
S.W.2d 821, 823 (Tex. 1965).  We are
required to consider all of the evidence in the case in making this
determination, not just the evidence that supports the finding.  Mar. Overseas Corp. v. Ellis, 971
S.W.2d 402, 406-07 (Tex.), cert. denied, 525 U.S. 1017 (1998).

 

 








V.  Permanence

CNB=s first issue challenges the trial court=s Finding of Fact # 3, which states, AThe method and design of the dispensers and their annexation to the
realty shows the owner=s intention
was not to make them a permanent part of the realty to which they were
affixed.@  [Emphasis supplied.]  CNB also challenges the trial court=s Conclusion of Law # 3, which states, AThe fuel dispensers seized by the tax warrant issued in this cause are
not permanent improvements to the real property upon which they are
affixed.@  [Emphasis supplied.]  CNB argues that permanence is not a required
element for the fuel dispensers to qualify as realty.

Section 1.04(2) of the Texas
Tax Code defines Areal
property@ in relevant part as Aland@ and Aan improvement@ to
land.  See Tex. Tax Code Ann. ' 1.04(2)(A)-(B) (Vernon Supp. 2005). 
Section 1.04(3) of the Texas Tax Code defines an Aimprovement@ as Aa building, structure, fixture, or fence erected on or affixed to
land.@  See id. ' 1.04(3).  Thus, an improvement
is a fixture erected on or affixed to land, and an improvement is Areal property@ for
purposes of ad valorem taxation.  Our
Texas Supreme Court has addressed personalty as fixtures as follows:








Three factors are relevant in determining whether
personalty has become a fixture, that is, a permanent part of the realty
to which it is affixed: (1) the mode and sufficiency of annexation, either real
or constructive; (2) the adaptation of the article to the use or purpose of the
realty; and (3) the intention of the party who annexed the chattel to the
realty.  O'Neal v. Quilter, 111
Tex. 345, 234 S.W. 528, 529 (1921), Fenlon v. Jaffee, 553 S.W.2d 422,
428 (Tex. Civ. App.CTyler
1977, writ ref'd n.r.e.).  The third
criterion dealing with intention is preeminent, whereas the first and second
criteria constitute evidence of intention. 
Fenlon v. Jaffee, 553 S.W.2d at 428; Hutchins v. Masterson,
46 Tex. 551, 554 (1887).

Intent is made apparent by objective
manifestations.  Citizens' National
Bank of Abilene v. Elk Mfg. Co., 29 S.W.2d 1062, 1065 (Tex. Comm'n App.
1930, judgmt adopted).  See also City
of Pinehurst v. Spooner Addition Water Co., 432 S.W.2d 515, 518 (Tex.
1968).  As a general rule, intent is a
question of fact to be decided by the jury. 
However, even testimony of intention that the chattel was not meant to
become a fixture will not prevail in the face of undisputed evidence to the
contrary.  See  Ruby v. Cambridge Fire Ins. Co., 358
S.W.2d 943, 946 (Tex. Civ. App.CDallas 1962, no writ).  Where reasonable minds cannot differ, the
issue is one of law rather than one of fact. 
See Exchange Savings & Loan Association v. Monocrete Pty. Ltd.,
629 S.W.2d 34, 37 (Tex. 1982) when this court in effect held that cement
roofing tiles affixed to a dwelling were fixtures as a matter of law for
purposes of determining lien priorities under
Tex. Rev. Civ. Stat. Ann. art. 5459.

 

Logan
v. Mullis, 686 S.W.2d 605, 607-08 (Tex. 1985) (emphasis
supplied).

 

Further, 

An
improvement includes all additions to the freehold except for trade fixtures
which can be removed without injury to the property.  Generally, whether an attachment of
personalty to realty constitutes an improvement is a question of the owner=s
intent. . . . The owner=s
intent is critical because personalty does not constitute an improvement until
it is annexed to realty.  To constitute
an improvement there must be a joinder of personalty with realty. . . . Only
upon annexation does the personalty lose its characteristics as personal
property and become viewed as an improvement.

 








Sonnier v. Chisholm-Ryder Co., 909 S.W.2d 475, 479 (Tex. 1995).

The use of the word Apermanent@ in the Logan
case clearly demonstrates its relevance as an overriding element of
consideration, and CNB=s first
issue is overruled to the extent it is a complaint that permanence is not an
issue in the personalty-as-fixture consideration.

VI.  Sufficiency of Evidence

In its second issue, CNB
argues error on the part of the trial court in that its holding that the fuel
dispensers were personalty is not supported by legally or factually sufficient
evidence.  We agree.

The Taxing Authorities
presented two items of evidence to the trial courtCan April 2003 Field Appraiser=s Guide and an unexplained photograph depicting an unidentified and
apparently abandoned truckstop.  With
regard to the Guide, the court made Finding of Fact # 4:  AThe appraisal manual issued by the Comptroller of the State of Texas
instructs appraisal districts in the State of Texas to assess and appraise fuel
dispensers as personal property for purposes of ad valorem taxation.@  The court also made the
following  Conclusion of Law # 4 with
respect to the Guide: 








The
appraisal manual issued by the Comptroller of the State [of] Texas instructs
appraisal districts in the State of Texas to assess and appraise fuel
dispensers, like the ones seized herein, as personal property and the opinion
and instruction of a State Agency given authority by the legislature to
instruct and assist in the appraising and assessing of ad valorem taxes shall
be given great weight and deference under the law.

 

The Guide indicates that Acommercial personal property consists of both inventory and FF&E
(furniture, fixtures, and equipment)@ and goes on to list various types of fuel dispensers in the Guide=s appendix, including Aservice station equipment, signs, piping, and tanks.@  [Emphasis supplied.]  Yet, as has previously been discussed, a
fixture affixed to land is an Aimprovement@ and Areal property@ under the
Texas Tax Code.  Tex. Tax Code Ann. ' 1.04.  The Guide is accompanied
by no evidence of its application or authority, nor are these issues briefed
for this court.  On the other hand, the
affidavit of Jeff Johnson, submitted by CNB, reads as follows: 

4. . . . The overall fuel delivery system is
extensively incorporated into the real property of the convenience store. . . .


 

5.  The
fuel pumps or dispensers themselves are typically mounted and installed on
concrete Aislands@ that
are poured in place as part of the design and construction of the overall
convenience store facility.  The concrete
islands often have anchor bolts affixed in the concrete to which the pump or
dispenser is bolted.  In addition to
being bolted to the concrete islands, fuel pumps and dispensers are wired to
the electrical supply, intercom, and monitoring systems. . . . Additionally,
fuel pumps and dispensers are plumbed to the fuel storage and piping.  The fuel pumps and dispensers are typically
set in place on the concrete island using heavy machinery such as crane or
forklift. . . . 

 








6.  The
units located at the convenience store in Rhome, Texas that are at issue in
this case are Gilbarco brand fuel dispensers. . . . Attached to this Affidavit
as Exhibit A is a true and correct copy of the Gilbarco Pumps and Dispensers
Installation Manual.  The information and
instructions contained in Exhibit A are typical, and would apply to the
installation of the dispensers at issue. . . . Page 27 illustrates that when
designing a convenience store property, the owner or design professional should
plan for the configuration and location of the concrete island, fuel piping,
and wiring conduits as necessary to accept the fuel pump.  

 

7.  Page 6
of Exhibit A also highlights the extent to which fuel pumps are incorporated
into the real property and its other fixtures and improvements. . . . 

 

8. 
Attached to this Affidavit as Exhibit B is a true and correct copy of
the Gilbarco Pumps and Dispensers Site Preparation Manual. . . . Exhibit B
illustrates the extent to which dispenser installation must be accounted for
and included in the design of the overall convenience store. . . . Many of
these fixtures must be physically constructed into the real property, and they
form an integral part of the annexation of the dispenser into the property and
the fuel distribution system.  

 

9.  Having
worked for approximately 7 years with Texaco overseeing numerous convenience
store locations, the fuel pumps are annexed into the real property as much as,
if not more than, restroom fixtures (e.g. toilets and lavatories) and air
conditioning equipment (e.g. exterior condenser units).  Additionally, based upon my experience, once
fuel pumps and a fuel distribution system are annexed into a convenience store,
it is the intent that the fuel pumps remain there permanently.  Based upon my experience, fuel pumps are
usually only removed and replaced due to damage, upgrades, and obsolescence, as
is the case with other fixtures such as air conditioning equipment.  Fuel pumps may remain in place and in service
for many years.  

 

10.  When
fuel dispensers are removed, the removal can potentially cause damage to the
convenience store. . . . Additionally, reconfiguration of the concrete islands,
the STP, the piping, and/or the wiring conduit might be necessary (and costly)
in order to accommodate new or different fuel dispensers.  If the fuel dispensers are not replaced, the
entire fuel distribution system should be removed, including removal of the
fuel storage tanks.








Hence, the only factual
evidence of the Logan factors was presented by CNB.  We hold that the Guide, standing alone, with
no supporting evidence of application or authority, and without briefing on
this issue is no evidence supporting the trial court=s determination that the fuel dispensers are personalty when
accompanied by no other meaningful evidence (including an unexplained
photograph).  As such, we sustain CNB=s second issue.

VII. A Fixture as a Matter of
Law

In its third issue, CNB
asserts that the trial court erred in not holding as a matter of law that the
fuel dispensers attached to real property are Afixtures@ and
therefore Aimprovements@ as defined by the Texas Tax Code. 
In other words, CNB urges that it has conclusively established that the
fuel dispensers are realty.  We
agree.  A review of the evidence submitted
by CNB, as previously recounted, satisfies the Logan factors and
establishes the dispensers as realty under the facts of this case and based on
the evidence before the trial court.

VIII.  Conclusion








Having overruled CNB=s first issue but sustained its second and third issues, we reverse
the judgment of the trial court.  We
render a declaratory judgment that the Gilbarco fuel dispensers located at 700
South Main, City of Rhome, Texas, that were seized pursuant to the tax warrant
previously issued in this cause by the trial court are realty and are not
subject to sale pursuant to the tax warrant.

 

BOB MCCOY

JUSTICE

 

PANEL A:   CAYCE, C.J.; LIVINGSTON and MCCOY, JJ.

 

DELIVERED:
August 10, 2006