AUSTIN, Banking Commissioner, v. DICKSON et al. (No. 3519.)

Court of Civil Appeals of Texas. Texarkana. May 31, 1928.

1. Appeal and error ⚖️➡️662(1)—Where record contains no assignments of error, appellate court must presume that none were filed below.

Where the record does not contain any assignments of error, the Court of Civil Appeals must assume that none were filed in the trial court.

2. Husband and wife ⚖️➡️193—Joint written concurrence of husband and wife is necessary to valid "transfer" of title to wife's stocks and bonds (Rev. St. 1925, art. 4614).

Under Rev. St. 1925, art. 4614, joint written concurrence of husband and wife is as necessary to constitute valid transfer of title to stocks and bonds owned by wife as to convey her separate real estate, "transfer" as used therein meaning transfer or conveyance of title or interest in ownership of stocks and bonds.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Transfer.]

3. Judgment ⚖️➡️693—Wife not party to judgment against husband foreclosing lien on her separate property is not bound thereby.

Wife who was not a party to judgment against husband foreclosing a lien on her separate property is not bound by its terms.

Appeal from District Court, Lamar County; Geo. P. Blackburn, Judge.

Suit by Mrs. Pearle C. Dickson and husband against Chas. O. Austin, Banking Commissioner. Judgment for plaintiffs, and defendant appeals. Affirmed.

Beauchamp & Lawrence and Eubank & Fisher, all of Paris, for appellant.

Wright & Baldwin, of Paris, for appellees.

HODGES, J. This suit was filed by the appellee Pearle Dickson, joined pro forma by her husband, John T. Dickson, to cancel a portion of a judgment which had theretofore

been rendered against John T. Dickson in favor of the appellant as commissioner foreclosing a lien on her separate property. The facts found by the court, and which are not contested in this appeal, are, in substance, as follows:

In March, 1927, the appellant Austin, as banking commissioner, after taking charge of the affairs of the First State Bank of Paris, Tex., filed a suit against Dickson to recover a balance due on two promissory notes aggregating $8,000, exclusive of interest and attorney's fees. The notes mentioned had been executed by Dickson payable to the First State Bank, which later passed into the hands of the banking commissioner. In the same suit appellant also asked for the foreclosure of a lien on certain shares of stock of other private corporations, which had been pledged by Dickson as collateral security for the debts above mentioned. In April following a judgment was rendered against Dickson by default for the full amount sued for and for a foreclosure of the lien on the shares of stock. Pearle Dickson, who was the owner of the shares of stock at the time they were pledged, was not a party to that suit. She did not know that a judgment had been rendered therein until some time afterward, when the order of foreclosure was about to be executed by the sale of the stock. She then filed this suit to annul that portion of the judgment which directed the foreclosure of the lien on the stock, and to restrain the sale by the sheriff. This appeal is from a judgment in her favor.

[1] The evidence showed that the shares of stock belonged to the separate estate of Mrs. Dickson, but had been pledged by her husband as security for the payment of his notes with her consent. Her name had been signed by him to a blank transfer on the back of the certificates with her consent; but the husband's name was not signed to those certificates nor to any other form of transfer. It further appeared that at the time the certificates were pledged, and at the time the judgment was rendered, the bank officials and the attorneys who represented the commissioner in the suit against John T. Dickson knew that the shares of stock were the separate property of Mrs. Dickson. Upon those facts the court concluded as a matter of law that the pledge of the stock as collateral security was void because the transfer was not evidenced by the joint signature of Dickson and his wife as required by law; that the judgment rendered foreclosing the lien on the stock was not binding on Mrs. Dickson, and could not properly authorize the sale of her property, because she was not a party to that proceeding. The record before us does not contain any assignments of error. We must assume that none were filed in the trial court.

[2] Article 4614 of the Revised Civil Statutes, after designating what shall constitute the separate property of the wife, provides:

"The wife shall have the sole management, control and disposition of her separate property, both real and personal; provided, however, that joinder of the husband in the manner now provided by law for conveyances of the separate real estate of the wife shall be necessary to the incumbrance or conveyance by the wife of her lands, and the joint signature of the husband and wife shall be necessary to a transfer of stocks and bonds belonging to her or of which she may be given control by this law."

[3] The language of the statute above quoted is mandatory. The joint written concurrence of the husband and the wife is as necessary to constitute a valid transfer of the title to the stocks and bonds owned by the wife as it is in the conveyance of her separate real estate. The word "transfer" as used in the statute means the transfer or conveyance of the title or an interest in the ownership of stocks and bonds. Because of a similar requirement in the law regulating the conveyance of a wife's real estate it has been repeatedly held that a wife cannot make a direct conveyance, by gift or otherwise, to her husband. It would seem that for the same reason she cannot make a direct transfer or gift of her shares of stock to her husband. Mrs. Dickson, not being a party to the original judgment, is not bound by its terms.

The judgment is affirmed.