LESLIE et al. v. GRIFFIN. (No. 7396.)

Court of Civil Appeals of Texas. Austin.
Dec. 20, 1929.

Rehearing Denied Jan. 8, 1930.

James A. Graham, of Brownsville, James R. Dougherty, of Beeville, E. F. Smith, of Austin, E. A. McDaniel, of McAllen, D. W. Glasscock, of Mercedes, and B. D. Tarlton and L. Hamilton Lowe, both of Corpus Christi, for appellants.

Ramsower & Seawell, of McAllen, Hart, Patterson & Hart, of Austin, B. D. Kimbrough, of McAllen, Geo. G. Clough, of Houston, and Don A. Bliss, of San Antonio, for appellee.

BAUGH, J. This appeal is from the judgment of the trial court overruling appellants' pleas of privilege to be sued in Hidalgo county. As stated in our opinion [23 S.W.(2d) 535] in the appeal from the trial upon the merits, both appeals were submitted and argued together, and what we have said in our disposition of the main case makes unnecessary any extended discussion here. Having reached the conclusion that said pleas were properly overruled and the issues on this appeal being so closely related to those urged upon the merits, we first disposed of the main case.

Appellants' chief contention here is that appellee's real suit was for the office of district judge; that the injunction sought against the secretary of state was only anciliary thereto; and that therefore venue does not lie in Travis county. If their premise were correct, their conclusion would be. It is well settled that residence of a defendant against whom only ancillary relief is sought will not sustain venue against the pleas of privilege of nonresident defendants against whom the main relief is sought.

But appellee's suit was not an election contest nor a suit for the office. Primarily it involved the certificate of election to that office. When this suit was filed, false returns were in the hands of the secretary of state, which she was about to open, estimate, and certify to the Governor, and upon which the Governor would issue a certificate of election to Leslie. If such returns in her hands were false, then based thereon she was about to perform an unlawful act, to the injury of appellee. The proper method for appellee to prevent such action was by injunction. Under the holding in Staples v. State (Tex. Civ. App.) 244 S.W. 1068, 1071, appellee could probably have brought such injunction against the secretary of state alone, In any event, she was a necessary party to the principal relief sought by him. Under the broad equity powers of the court, where no adequate relief at law under the particular circumstances was afforded, and to avoid a multiplicity of suits, the court properly permitted the appellants to be joined with her that full relief in the premises might be granted.

Then, too, if appellants had fraudulently refused to include the returns from the Weslaco box in those forwarded to and in the hands of the secretary of state at the time, and as a result of such fraud on their part an injury was about to be done appellee in Travis county, where such fraud was about to disclose itself in such false returns,

we are of the opinion that such fraud was not confined to Hidalgo county alone, but that its attempted perpetration extended to and was about to be consummated in Travis county as well, and that on that ground venue would lie against the appellants in Travis county on the cause of action alleged.

In the light of what has been said in our opinion in the main case this day rendered, we deem further discussion unnecessary. The judgment of the trial court is affirmed.

Affirmed.