## CONGLETON v. L. MUNDET & SON, Inc.

No. 9625.

Court of Civil Appeals of Texas. Galveston.

Oct. 29, 1931.

Rehearing Denied Dec. 10, 1931.

James G. Donovan and W. L. Smith, both of Houston, and Coombes & Coombes, of Dallas, for appellant.

Lewis & Burr, of Houston, for appellee.

**1112**

GRAVES, J.

The appellee sued appellant in Harris county as for the recovery of some personal property (cork products) located there, pursuant to R. S. arts. 2217 and 1995, subd. 10, alleging, in so far as deemed material:

"2. Heretofore at various times plaintiff has had shipped to itself in care of the defendant at Houston, Texas, the cork and cork products hereinafter specifically described, and the defendant has come into possession of said goods as the factor and distributor of plaintiff and has stored the same and now holds possession of same as hereinafter more specifically alleged.

"3. Plaintiff is and has been at all times referred to in this petition the owner of said goods and entitled to the possession of same on demand. On or about August 12, 1930, plaintiff made demand on the defendant for the possession of said goods, which was then and there refused. * * *

"5. The said goods constitute the supply from which plaintiff supplies the demand for such products in Texas and adjoining states, and they are selected and located in conformity with such trade demand and transportation facilities serving same; and the said goods and property have an especial value to plaintiff.

"Wherefore, premises considered, plaintiff prays that the defendant be cited to appear and answer this petition and that upon hearing hereof it have judgment against the defendant for the possession of said goods in this petition described and for such writs, orders and process as may be necessary to vest it with such possession; and, in the alternative, for the value thereof."

The appellant duly filed a statutory plea of privilege, asserting his right to be sued in Dallas county, where he had his domicile, whereupon appellee filed its controverting affidavit repeating and making its entire petition a part thereof, specifically claiming the venue to be properly laid in Harris county because the suit was one for the recovery of personal property that was located there.

At a hearing on the issue thus joined, the sole evidence consisted of: (1) The admission of the parties that the property involved was personal property, and had been located in Harris county at the time the suit was filed; (2) the full petition of the plaintiff that had been introduced, over the defendant's objection that it was not admissible to prove the nature of the suit, for the purpose of showing the suit to be one for the recovery of personal property, and for that purpose only; (3) the defendant's plea of privilege.

The able trial judge overruled the privilege plea, upon a stated finding of fact, in addition to those specifically agreed upon below, that the suit was one for the recovery of personal property, and a conclusion of law to the

effect that section 10 of R. S. art. 1995, authorized the laying of the venue thereof in Harris county.

The appeal at bar regularly proceeds from that order.

In substance, appellant very ably makes two main contentions: (1) That, in the circumstances here obtaining, the plaintiff's petition, there being nothing else in evidence, was neither receivable in proof of the cause of action alleged, nor sufficient to establish either what the same in legal support was, or that the plaintiff itself had any interest therein; (2) that the suit in its nature was not one for the recovery of personal property, but one the reaches of which merely gave the defendant sued the option of either surrendering the property or paying its value.

█ Neither position is tenable, both, as it seems to us, having been in effect already properly determined the other way by our appellate courts; in other words, they have held, first, that it is not only the privilege, but the duty of the court to determine the nature and character of the suit for venue purposes as a matter of law solely from the allegations of the plaintiff's petition, Grogan-Cochran Lumber Co. v. McWhorter (Tex. Civ. App.) 15 S.W.(2d) 126; Koch v. Roedenbeck (Tex. Civ. App.) 259 S. W. 328; Nolen v. Harding (Tex. Civ. App.) 235 S. W. 687; Galbreath v. Farrell (Tex. Civ. App.) 221 S. W. 1015; Hynson v. Gulf Production Co. (Tex. Civ. App.) 232 S. W. 873; second, that "the evident purpose of the statute [subdivision 10 of R. S. article 1995] is to permit a suit to establish ownership, and for the recovery of personal property to be brought in any county in which the property 'may be' at the time the suit is brought," Southwest National Bank v. Chapman (Tex. Civ. App.) 266 S. W. 599, 600; Hammond v. Clayton (Tex. Civ. App.) 17 S.W.(2d) 95. So that there is not here presented any question of first impression in Texas; even had the petition not been formally put in evidence as was done in this instance, the court would have considered it for the purpose offered anyway, Grogan-Cochran Lumber Co. v. McWhorter, supra, and, having done so, could not in our opinion have properly reached any other conclusion than that it declared upon a cause of action for the recovery of personal property within the meaning of R. S. arts. 2217 and 1995, subd. 10; that having been first determined, the cause then, on the agreed facts, presented precisely the legal equivalent of what appeared in both the Southwest Bank and Hammond Cases, supra, and which the Waco and Amarillo Courts of Civil Appeals, respectively, held was enough under such subdivision 10 to fix the venue thereof in the county of the suit—that is, the property sought to be recovered was personalty and was then in that county.

This court is content to follow those hold-

ings; there occurring to it no reason for not applying to subdivision 10 of article 1995 the same construction heretofore admittedly and uniformly given subdivisions 14, 16, and 19 of the same statute; the mere fact that in it the venue is prescribed permissively, rather than imperatively as in them, making, we think, no difference in principle.

Further discussion is deemed unnecessary, since these conclusions determine the merits of the appeal; an affirmance will enter.

Affirmed.