## MOTOR SECURITIES CORPORATION v. FITZHUGH et al.

### No. 3098.

Court of Civil Appeals of Texas. El Paso.

Jan. 3, 1935.

Joseph W. Mercer and Castle, Gammage & Mercer, all of Houston, for appellant.

John A. Erhard and Dick P. Wood, both of Dallas, for appellees.

PELPHREY, Chief Justice.

This is an appeal from an order overruling the plea of privilege filed by appellant. Mrs. Fitzhugh, joined by her husband, filed suit in the 101st district court seeking damages for the alleged unlawful conversion of her automobile and for the possession thereof. She named as defendants appellant, J. M. Reid, and the Southwest Securities Company.

After alleging her ownership of the automobile alleged to have been converted, that appellant had its principal office in Houston, Tex., and that it had an agent in Dallas county, Tex., and that Reid was a resident of Dallas county, Tex., her petition contained the following:

"3. That on or about the 11th day of August, 1933, said plaintiff executed and delivered a certain note in the principal sum of

$145.28 to the Motor Securities Corporation and gave a lien on the said Ford Coupe, reference to which is here made for all purposes;

"4. That it was claimed by these defendants that the plaintiff became in arrears of payments on the indebtedness due the said defendant corporation in the sum of $20.00 but that the said defendants promised to extend the time of payment of the said $20.00 to November 1, 1933; that the plaintiff relied upon the promises of the defendants and acted accordingly; that on the second day of November, 1933, plaintiff, Mrs. Bessie Fitzhugh, acting upon instructions from the defendants, mailed her check in the sum of $20.00 to the home office of the said Motor Securities Corporation in Houston, Texas;

"5. That thereafter, on or about the 3rd day of November, 1933, said J. M. Reid, purporting to act for said Motor Securities Corporation, came to the house of said plaintiff in Waco, Texas, and demanded possession of said Ford Coupe; that the plaintiff informed said defendant that she had made all payments due and owing on the said car and that upon the defendant's continued demands of possession of said car she made an agreement with defendant to pay the said note in full and have the lien held by the defendants thereby discharged;

"6. That pursuant to the said agreement made between plaintiff and the said J. M. Reid and relying upon the representations made by the said J. M. Reid said Mrs. Bessie Fitzhugh and J. M. Reid got into the said car, so that she might go to the city of Waco and procure enough money to pay the indebtedness of the defendant in full; that upon arriving in the City of Waco the defendant J. M. Reid, by force, violence and threats, took control of the wheel of the said car, struggled with said plaintiff and forced and compelled her to place the same in a garage in storage; that the said defendant agreed with the plaintiff to let the automobile remain in said garage until the plaintiff could obtain sufficient money to pay off the said note and mortgage; that the plaintiff, relying upon the agreement with said defendant, did get all of the money and returned to the garage where the defendant had forced her to store the car, intending to carry out her part of the agreement and pay the entire balance of said note; but upon arriving at said garage she found that the defendant J. M. Reid had taken said car from the garage and that in so doing he had converted the car to his own use and benefit for the purpose of defrauding and defeating her interest therein;

"7. That the plaintiff then came to Dallas in search of her automobile and was informed by the officers of the defendant corporation that the car was in their possession and that it would be released to her upon the payment to them in full of the obligation; but that although the plaintiff has on numerous occasions gone to the offices of said defendants and tendered to them in full the money due on the said obligation they have refused and still refuse to return the car to her and have deprived her of its use, possession and enjoyment for the period of one week; that as a result of said action she has been damaged as follows:

"(a) The use and benefit of said car for a period of one week, to her damage in the sum of $15.00.

"(b) That she has been forced to remain in Dallas and away from her employment for a period of one week, to her damage in the sum of $50.00.

"(c) That by reason of duress, fraud, violence, on the part of the defendants herein, she has suffered great physical and mental pain and anguish, to her damage in the sum of $1,000.00 for which she seeks as exemplary damages."

Mrs. Fitzhugh, in her amended controverting affidavit, after adopting the allegations of her petition, alleged:

"IV. This court has venue of this cause of action, because the said action is brought against several defendants, one of whom is a resident of Dallas County, Texas. That the said defendant, the Southwest Securities Company is a proper party to this suit. That your petitioner has brought suit in the County of the residence of one of the defendants, and that in so doing your petitioner placed herself within exception 4 of the exclusive venue statute of the State of Texas.

"V. That the cause of action herein arose out of a contract in writing by which plaintiff became obligated to pay the defendant a sum of money in Dallas County, Texas. That by so contracting in writing to pay a sum of money in Dallas County, Texas, your petitioner placed herself within exception 5 of the exclusive venue statute.

"VI. That the time the suit was instituted the property in controversy, namely a Ford coupe, 1930 Model, Motor A–2642370, was in Dallas County, Texas; and that it was removed out of the county only after this lawsuit was instituted. That your petitioner by bringing this suit in the County where the

272

property was located placed herself within exception 10 to the exclusive venue statute.

"VII. That this is a suit against a private corporation which has a representative in Dallas County, Texas. That by having said representative in Dallas County, Texas, said corporation has placed itself within exception 23 to the exclusive venue statute."

After a hearing, the court overruled appellant's plea of privilege to be sued in Harris county and this appeal resulted.

### Opinion.

Appellant in five assignments of error and four propositions thereunder contends that its plea of privilege should have been sustained: (1) Because the petition and controverting affidavit failed to contain an affirmative allegation that Reid was acting within the scope of his employment when he repossessed appellee's automobile; (2) that appellees failed to prove a legal injury and that they were injured thereby; (3) that the record fails to disclose a joint and several liability of it with any resident defendant; and (4) that appellees failed to prove that the property sought to be recovered was in Dallas county, Tex.

In paragraph 7 of Mrs. Fitzhugh's petition, she alleged that when she came to Dallas looking for her car she was informed by appellant's officers there that it was in their possession and would be released to her upon the payment of her obligation in full, and in her controverting affidavit she alleged that the car, the possession of which she was seeking to recover, was in Dallas county at the time the suit was filed.

Mr. Erhard testified that appellant's credit manager told him over the phone that Reid had taken up the car and that it was somewhere in Dallas. Erhard also testified that while Reid did not tell him where the car was, he (Erhard) knew it was in Dallas because he (Reid) had told him the car was available for delivery.

It is our opinion that the above is sufficient to show that the automobile was in Dallas county at the time the suit was filed and that the action, therefore, falls within subdivision 10 of the Venue Statute (article 1995).

While it may be said that appellees' petition contains no specific averment that Reid was acting within the scope of his employment in taking the car from Mrs. Fitzhugh, yet we think the allegations are sufficient to sustain a finding of ratification of his action by appellant.

She alleged that no default on her part had occurred at the time the automobile was taken. If that allegation be true, then appellant knew it and its subsequent actions in demanding a payment of the indebtedness in full and in refusing to deliver the car until such payment in full had been made would justify the court in concluding that there was a ratification of Reid's actions in taking and holding the car. Such a ratification by appellant would render both it and Reid liable to appellees, and, Reid being a resident of Dallas county, the venue would properly be laid in that county by virtue of subdivisions 4 and 29a, of article 1995.

The judgment is affirmed.