## STEWART v. McLEAN.

### No. 11806.

Court of Civil Appeals of Texas.
San Antonio.

March 17, 1948.

Rehearing Denied April 14, 1948.

Carter & Stiernberg, of Harlingen, for appellant.

Fritz C. Sorrell, of Pearsall, for appellee.

SMITH, Chief Justice.

This is an appeal by Lee V. Stewart from an order overruling a plea of privilege. The successful plaintiff below (A. H. McLean) relied upon exception 4 of Article 1995, Vernon's Ann.Civ.Stats., which provides that: "4. Defendants in different counties.—If two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides. * * *"

The leading case construing Exception 4 is Stockyards National Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300, in which it was held that upon a plea of privilege hearing, a cause of action against the resident defendant must be established by a preponderance of the evidence and a joint cause of action must be alleged against the non-resident defendant, or a cause of action against the non-resident which may be joined with the action against the resident, under the rule intended to avoid a multiplicity of suits.

The appellee, A. H. McLean, brought suit in Frio County complaining of Dilley State Bank (the resident defendant) and Lee V. Stewart, a resident of Hidalgo County (the non-resident defendant). The

suit was based upon a contract whereby Stewart agreed to buy from McLean twenty cars of melons. In pursuance of said contract, Stewart deposited $2,000 in the Dilley State Bank, as part of the purchase price therefor. Appellee alleged that Stewart had failed to carry out his contract; that as a result appellee had been damaged in the sum of $10,713.78, and that the money on deposit in the bank should be paid over to him.

The trial court impliedly held that appellee had established a cause of action against the resident defendant, the Dilley State Bank. We are of the opinion that such holding has support in the evidence. The remaining question therefore is whether or not the pleading of the appellee states a cause of action against Stewart, which may be properly joined with the action against the bank under the rule intended to avoid a multiplicity of suits.

We hold that the petition does state a cause of action against Stewart which may be properly joined with the action against the bank under the rule referred to. Gambrell v. Tatum, Tex.Civ.App., 228 S.W. 287.

The judgment is affirmed.