### WELCH v. SCARBROUGH.

### No. 14950.

Court of Civil Appeals of Texas.
Fort Worth.

April 30, 1948.

Rehearing Denied May 28, 1948.

Burt Barr, of Dallas, for appellant.

Earl L. Coleman, of Denton, for appellee.

HALL, Justice.

This appeal is from an order overruling a plea of privilege filed in the District Court of Denton County, Texas.

Appellee, Earl Scarbrough, of Childress County, Texas, sued appellant, Steve Welch et al. for title, ownership and possession of a Cadillac automobile and for damages in the sum of $1,000.00 for the failure of appellant to deliver said automobile to appellee.

Appellee alleged and testified that he purchased the Cadillac automobile in question from appellant in Dallas County, Texas, by paying appellant $2900.00 in currency and after paying the money over to appellant, appellant excused himself in order to go to his home and secure the proper license receipts for said car; that he, appellee, waited for appellant some four hours but that appellant did not return and that for a month and four days thereafter he hunted for appellant and finally found him in a tourist park, located in Fort Worth, Tarrant County, Texas. That the automobile which he purchased was parked on the north side of the cabin occupied by appellant; that he, appellee, was with the

Sheriff of Denton County, who arrested appellant and placed him in a Tarrant County jail and the next day both the appellant and the automobile were transported to Denton County.

Appellant contends in his four assignments of error that his plea of privilege should have been sustained and the cause removed to his resident County of Dallas, because the Sheriff of Denton County and the appellee were without lawful authority to take said automobile to Denton County, Texas in order to establish venue, that the automobile was not lawfully placed in Denton County and that the automobile was taken to Denton County without the consent or knowledge of appellant.

The appellant does not raise any question pertaining to the property not being in Denton County at the time the suit was filed. The action falls within subdivision 10 of Vernon's Annotated venue statute, Article 1995.

We have read the entire record and find the testimony to be scant on both sides but under such subsection 10, supra, it is only necessary for the testimony to show that the automobile in question was in the county of the suit at the time the suit was filed. Motor Securities Corporation v. Fitzhugh, Tex.Civ.App., 78 S.W.2d 270; Downing v. Slattery, Tex.Civ.App., 144 S.W.2d 371.

The testimony reveals that the car was removed from Tarrant County and brought over to Denton County by Sheriff Moore on the same day the suit was filed. It does not reflect that it was done without the knowledge or consent of appellant, neither does it show that it was done unlawfully by the Sheriff. There is further testimony that appellee may have had something to do with bringing the car to Denton County but this is not shown to have been against the wishes of appellant. The testimony is silent as to why appellant and his automobile were carried into Denton County. There was some testimony that appellant had been operating in and out of Denton County and had stayed there a week.

In the absence of a showing to the contrary, the legal presumption is that a public officer, such as a sheriff, did his duty while acting and that fraud on the part of such an officer will not be presumed. In other words, there is a presumption in favor of the officer's act being regular, just and right, and that such acts were within the scope of his authority. 17 Tex.Jur. 276–287; 34 Tex.Jur. 462.

Under such authority, there being no testimony that the Sheriff acted in this case unlawfully in carrying the automobile to Denton County, and the Sheriff being a party to the law suit, we find there is sufficient evidence to. substantiate the court's judgment that venue be maintained in Denton County.

The judgment is affirmed.