Oma Clyde KIRKLAND, Appellant,

v.

Margie Lyon KIRKLAND, Appellee.

No. 10652.

Court of Civil Appeals of Texas.

Austin.

April 15, 1959.

R. A. Kilpatrick, Cleburne, for appellant.

James R. Meyers, Edgar N. Brown, Austin, for appellee.

HUGHES, Justice.

This is a venue case in which venue was sustained in the Court below under that portion of Section 10 of Art. 1995, Vernon's Ann.Civ.St., providing that "suit for the recovery of personal property may be brought in any county where the property may be. * * *"

Mrs. Margie Lyon Kirkland, a widow and a resident of Harris County, sued Oma Clyde Kirkland, a feme sole and resident of Tarrant County, in which suit she sought the following relief:

"* * * plaintiff prays that the Court take jurisdiction of the parties and the subject matter of this cause; that the Court by its decree determine that plaintiff is entitled to the accumulated contributions of Kenneth L. Kirkland to the Teacher Retirement System; or, in the alternative should the Court find that plaintiff is not entitled to the entire fund, that the Court by its decree herein determine the portion of said accumulated contributions to which plaintiff is entitled and that the Court in every respect adjudicate the rights of the parties herein to the fund now held by the Teacher Retirement System of Texas."

This prayer was preceded by these allegations:

"2. That in the year 1938 Kenneth L. Kirkland married plaintiff and lived with her as her husband until his death intestate on January 15, 1958. During their entire married life plain-tiff's husband was employed by Texas A. & M. College and was a member of the Teacher Retirement System of Texas. All of this time, and in accordance with the statutes of Texas so providing, plaintiff's husband contributed a portion of his earnings to the Teacher Retirement System of Texas so that upon his death intestate before retirement the accumulated contributions credited to Kenneth L. Kirkland amounted to a sum in excess of $5,000.-00. That plaintiff as surviving widow of Kenneth L. Kirkland is entitled to the accumulated contributions from the earnings of her deceased husband and to payment in accordance with Section 6 [, subd. 1] (b) of Article 2922–1 of the Revised [Vernon's Ann.] Civil Statutes of Texas.

"3. Defendant, however, makes claim upon such accumulated contributions and wholly denies the rights of plaintiff to such fund.

"4. That plaintiff is entitled to such accumulated contributions, and that defendant's claim to an interest therein by gift or otherwise is founded upon a voidable disposition of plaintiff's property or of the community property of plaintiff and her deceased husband. Furthermore, plaintiff is entitled to said fund for the reason that Kenneth L. Kirkland at all times after his marriage to her expressed to plaintiff his intention that she should have said fund and that at no time after his marriage to plaintiff did Kenneth L. Kirkland intend that defendant have said fund or any part of the same.

"5. That this Court has jurisdiction to decide the controversy between the parties herein by virtue of the Uniform Declaratory Judgment Act, Art. 2524–1, of the Revised [Vernon's Ann.] Statutes of Texas."

Upon the hearing the evidence showed that the appellant, Miss Oma Clyde Kirk-

land, was the sister of the deceased Kenneth L. Kirkland and that he had named her beneficiary of the involved fund in the manner prescribed by the Teachers Retirement System.

The evidence also shows that the money paid by teachers and the State to the Teachers Retirement Fund is paid into the State Treasury in Travis County and that such funds are invested in authorized securities and that such securities are deposited in the State Treasury.

It will be noted that neither the Teachers Retirement System nor the State Treasurer is a party to this suit.

■ We are unable to agree with appellee that this is a suit for the recovery of personal property. Rather it seems to us to be a suit to establish a basis upon which a claim or suit for the property could be prosecuted. It would be strange indeed to hold this to be a suit for the recovery of property when it is not alleged that the only party to the suit is in possession of the property and when the evidence conclusively shows that third parties are in possession of it and that no possessory process could possibly issue if appellee were to prevail in this case.

We believe the situation here to be somewhat analogous to that presented in Deaton v. Rush, 113 Tex. 176, loc. cit. 192–193, 252 S.W. 1025, loc. cit. 1030, where the court distinguished a suit for cancellation of a deed to land and a suit for the land itself quoting from authorities that "The recovery of land manifestly has reference to possession," and saying:

"The deed to Rush conveyed all of Mrs. Deaton's title. None of it was left in her. Before Mrs. Deaton could have maintained a suit for the recovery of the land, she must have established a right to it superior to that of any

other person. To determine whether her claim was well founded, an inquiry into the facts on which she and Rush based their respective claims must have been made, and if such facts were found in her favor, the decree to be rendered would have been that she had the superior right to the land, ·thereby establishing a foundation upon which to base a recovery of the land. Previous to the establishment of such a right no such foundation existed. The establishment of· such a right would involve, as a consequence, the cancellation of the deed and would remove the barrier to a judgment for the land itself which, as shown above, might all be done in the same suit. 'But the judgment for the land would be the consequence, merely, of the relief primarily granted, and could not, but for that relief, be recovered.' " [1]

If all interested parties were before the court in this case we have no doubt but that it could adjudicate both the right of recovery and recovery of the money involved. The parties essential to a recovery of the money are not present and in our opinion this action cannot be considered as a suit for the "recovery of personal property."

We will now discuss the cases cited by appellee to support the contention that this suit is for the recovery of personal property.

Southwest National Bank v. Chapman, Tex.Civ.App., Waco, 266 S.W. 599, 600.

This was a suit to recover possession of notes and other securities alleged and shown by the evidence to have been in the county of suit when the suit was filed. The Court said:

"The evident purpose of the statute [Sec. 10] is to permit a suit to establish ownership, and for the recovery

[1] In Congleton v. L. Mundet & Son, Tex. Civ.App., Galveston, 43 S.W.2d 1111, it is suggested that Subd. 10 should in some respects be given the same construction as Subd. 14, Art. 1995, V.A.C.S., relating to suits "for the recovery of lands."

of personal property to be brought in any county in which the property 'may be' at the time the suit is brought. * *

"All persons interested in or claiming an interest in the notes are proper parties and can be joined in one suit in Johnson county."

All such persons including the defendant in possession of the securities were shown to be parties to the suit.

We do not doubt the correctness of this decision and if, as stated, the holder of the money sued for was before the court this would be a suit for its recovery.

Congleton v. L. Mundet & Son, Tex.Civ. App., Galveston, 43 S.W.2d 1111, writ dismissed.

This suit was for the recovery of personal property alleged to be in the defendant's possession in the county of suit. Clearly this suit was within Sec. 10 as the Court held.

Parchman v. Parchman, Tex.Civ.App., Fort Worth, 239 S.W.2d 902.

George W. Parchman sued Mrs. Ruth Parchman and others including E. Whisenant for the proceeds of the sale of certain cattle. Mrs. Ruth Parchman and Buck Parchman turned the cattle over to Whisenant, a broker, for sale. George W. Parchman claimed the cattle. The parties agreed that the cattle should be sold and "that the rights of the parties with respect to the proceeds of the sale would be the same as they would have been with respect to the cattle."

The cattle were sold but Whisenant refused to pay the proceeds to George W. Parchman. The Court held that "This was sufficient to establish a cause of action against Whisenant for the money in his hands * * *." After suit Whisenant paid the proceeds of the sale into the registry of the Court. The Court of Civil Appeals held that venue lay in Tarrant County where the cattle were sold and the suit filed under Secs. 4, 10 and 9 of Art. 1995.

This opinion is undoubtedly correct. All claimants to the money which was in the county were in court and a judgment would result in its recovery by the person entitled to it. There was no need for relying on the agreement that the rights of the parties would remain unchanged by the sale of the cattle but if so the result would be the same.

In our opinion none of the cases cited by appellee is authority for holding that this suit is a suit for the recovery of personal property.

Appellee's pleadings alleges this to be a suit for declaratory judgment under Art. 2524–1, V.A.C.S., which Act of itself does not fix venue, amend or add to the venue statutes. Shaver v. Hughes, Tex.Civ.App., Fort Worth, 214 S.W.2d 176. The only relief sought is a declaratory judgment which is permitted by the Act.

In order to determine the nature of this suit it is necessary to ascertain from the petition the extent and character of recovery, if any, to which appellee may be lawfully entitled under her allegations of fact and prayer for relief. Mecom v. Gallagher, Tex.Civ.App., Waco, 192 S.W.2d 804, writ ref., N.R.E.

When we examine appellee's petition and prayer we confirm our opinion that this suit is for a declaratory judgment only and is not a suit for the recovery of personal property within the meaning of Sec. 10, Art. 1995, V.A.C.S.

The judgment of the Trial Court is reversed and this cause is remanded with instructions to transfer it to one of the District Courts of Tarrant County.

Reversed and remanded with instructions.