**C. H. LANGDEAU, Temporary Receiver, Appellant,**

v.

**Alma H. ERWIN et al., Appellees.**

No. 11092.

Court of Civil Appeals of Texas.

Austin.

May 1, 1963.

Rehearing Denied May 15, 1963.

John R. Grace, Kerns B. Taylor, Harold G. Kennedy, Austin, for appellant.

John Peace, San Antonio, J. B. Langham, Luther Rutherford, Perry Rowan Smith, San Antonio, of counsel, for appellees.

ARCHER, Chief Justice.

This is an appeal from an order overruling a Plea of Privilege.

On June 1, 1962, the 53rd Judicial District Court of Travis County, in Cause No. 126,740, entitled State of Texas v. Government Services Insurance Underwriters et al., entered a Temporary Restraining Order and appointed appellant Receiver; and on June 21, 1962, a temporary injunction was granted.

On July 4, 1962, pursuant to an application of rehabilitation the court dismissed the Receiver.

On July 6, 1962, another petition in the nature of a Quo Warranto was filed by the State in the 53rd Judicial District Court in Cause No. 127,201, against Government Services Insurance Underwriters et al. and on the same day a temporary restraining order was granted and appellant was appointed temporary Receiver.

On July 9th, 1962, the appellees filed their petition in the 37th Judicial District Court of Bexar County against appellant and the Bexar County National Bank, seeking a judgment cancelling a promissory note and collateral pledge agreement executed by Alma H. Erwin (without the joinder of her husband), to Government Services Insurance Underwriters and for the recovery from the defendants the pledged securities held in a safe deposit box in the bank.

On July 13, 1962, the District Court in Cause No. 127;201 granted a temporary injunction against the Underwriters et al., and continued the appointment of appellant as temporary Receiver.

On July 18, 1962, appellant filed a Plea of Privilege in the cause in the District Court of Bexar County, which was controverted by appellees.

On September 21, 1962, the causes, Nos. 126,740 and 127,201 in the District Court of Travis County, were consolidated under Cause No. 126,740.

On September 27, 1962, appellant filed an application for continuance, pursuant to Article 21.28, Section 4(e) of the Texas Insurance Code, V.A.T.S., which was denied, and a hearing on the Plea of Privilege had. On November 20, 1962, the trial court overruled appellant's Plea of Privilege.

The appellant asserts that no exception to the general venue provisions guaranteeing suit in the county of defendant's residence exists in this case, and further that Article 21.28, Section 3, requires the filing of a claim with the receiver as a venue prerequisite to filing of suit anywhere and that this has not been complied with, and further, that the court erred in overruling appellant's application for continuance. Appellees, in their controverting affidavit, asserted that venue in Bexar County is allowed under Subdivision 4 of Article 1995; Subdivision 10 of Article 1995, Subdivision 29a of Article 1995, Article 2311, Vernon's Ann.Civ.St., but at the hearing on the plea urged only Subdivision 10 of Article

1995, as being controlling in a disposition of this case.

The appeal is predicated on four points assigned as error, and are that the court erred in refusing to sustain the Plea of Privilege, because no exception to exclusive venue in the county of appellant's residence exists in this cause; because the action of appellees was not in fact or in law a suit for the recovery of personal property; because appellees have not filed a claim with the Receiver as required by Article 21.28, Section 3, of the Insurance Code, and finally in denying the application for continuance.

One of the appellees, Mrs. Alma H. Erwin, a married woman, without the joinder of her husband, executed a note on May 22, 1962, payable to Government Services Insurance Underwriters, secured by a collateral pledge of stocks and bonds and were her separate property, and her husband did not join in any of the instruments, as required by Article 4614, V.A.C.S.

Government Services Insurance Underwriters is a reciprocal insurance company, operating under the provisions of Chapter 19, Insurance Code, and Government Services Underwriters, Inc. is the attorney-in-fact for the Government Services Insurance Underwriters, and was organized under the Texas Business Corporation Act.

Both of these entities, as well as the Bexar County National Bank, are residents and domiciled in Bexar County.

On July 5, 1962, when the two entities were not in receivership, Mrs. Erwin elected to exercise her right of coverture to declare the note, collateral pledge, and the transfer and assignment of her stocks and bonds void, and this suit was filed to recover possession of her stocks and bonds, and after the bank refused to deliver the same, because of conflicting claims of ownership.

As hereinabove stated on July 6, 1962, the two corporations were again placed in temporary receivership.

. We believe that the trial court correctly overruled appellant's plea of privilege, be-

cause the venue of the suit is governed by the provisions of Subdivision 10 of Article 1995.

Subdivision 10 reads as follows:

"10. Personal Property.—

"Suit for the recovery of personal property may be brought in any county where the property may be or where the defendant resides."

■ The controlling venue facts under Exception 10 are:

"(a) The petition must show that the suit is brought to recover personal property located in the county where the suit is filed;

"(b) The plaintiff must prove that the property is located in such county." Hearn v. Frazier, Tex.Civ.App., 228 S.W.2d 582, er. dism.

According to appellees' (plaintiffs') petition, the suit was to recover possession of her stocks and bonds.

All interested parties were before the court and the court could adjudicate the rights of the parties. Kirkland v. Kirkland, Tex.Civ.App., 324 S.W.2d 21, no writ history.

■ In Downing v. Slattery, Tex.Civ. App., 144 S.W.2d 371, er. dism., the court stated:

"In the hearing on the issues raised by plea of privilege and controverting affidavit the venue facts alone are in issue. It is not a trial on the merits.

"In a suit for the recovery of personal property the main and controlling venue fact is the location of the property in the county where venue is sought to be maintained. (Citing cases.)

"In our opinion the matter as to the want of jurisdiction of the court is for the trial on the merits. If the petition fails to state a cause of action or to show jurisdiction it may be cured by amendment."

Appellant takes the position that Subdivision 10 does not apply, based on the proposition that a married woman's note is not void, but only voidable and that Mrs. Erwin first had to cancel the note and pledge before she is entitled to a return of the pledged stocks and bonds.

■ Since, as we have stated, all parties necessary to the ultimate relief sought are before the court, it is of no particular significance on venue under Subdivision 10 as to how appellee seeks to recover possession of her separate property, if that is the purpose of her suit.

Article 4614, V.A.C.S., reads in part:

"(c) If the wife shall not elect to have sole management, control, and disposition of her separate property, the joinder of the husband shall be necessary to the encumbrance or conveyance by the wife of her lands, and the joint signature of the husband and wife shall be necessary to a transfer of stocks and bonds belonging to her or of which she may be given control by this law."

■ It is apparent that the only way a married woman can validly transfer her stocks and bonds is by complying with the statute. Speer's Marital Rights in Texas, 4th Edition, Section 291, page 421, and Section 562, page 244.

In Austin v. Dickson, Tex.Civ.App., 7 S.W.2d 147, no writ history, the court held:

"The evidence showed that the shares of stock belonged to the separate estate of Mrs. Dickson, but had been pledged by her husband as security for the payment of his notes with her consent. Her name had been signed by him to a blank transfer on the back of the certificates with her consent; but the husband's name was not signed to those certificates nor to any other form of transfer. * * * Upon those facts the court concluded as a matter of law that the pledge of the stock as collateral security was

void because the transfer was not evidenced by the joint signature of Dickson and his wife as required by law * * *."

In Austin v. United Credits Corporation, Tex.Civ.App., 268 S.W.2d 793, no writ history, the court held:

"Appellee stresses the point that a married woman's unauthorized contract is not void, but merely voidable. There are many expressions in the books to that effect. It is voidable at her instance, and not at the instance of the party contracting with her. J. B. Watkins Land Mortgage Company v. Campbell, Tex.Civ.App., 81 S.W. 560; Frazier v. Lambert, 53 Tex. Civ.App. 506, 115 S.W. 1174. And when she 'avoids' the contract, we think it is thenceforth 'void.' Webster's International Dictionary. We also find expressions in the cases to the effect that a note signed by a wife without being joined by her husband is a 'nullity' and she cannot be bound thereon. Shaw v. Proctor, Tex.Civ. App., 193 S.W. 1104; and in Cruger v. McCracken, 87 Tex. 584, 30 S.W. 537, it is said that a married woman's contract for a purpose other than such as is expressly authorized has been uniformly held 'void.' "

Exception 4 of Article 1995 reads:

"4. Defendants in different counties. —If two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides."

This exception is construed in Stockyards National Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300, and a further discussion is not needful.

In Gambrell v. Tatum, Tex.Civ.App., 228 S.W. 287, Tatum brought a suit in Swisher County complaining of First National Bank, a resident defendant and Gambrell, a resident of Baylor County, who filed his plea of privilege to be sued in the county of his residence which was controverted by plaintiff who admitted that Gambrell's residence was in Baylor County, but asserting that under Subdivision 4, the suit was properly brought in Swisher County because the Bank was a resident of such county. The plea of privilege was overruled. The judgment of the trial court was affirmed by the Court of Civil Appeals, stating:

"This sum is in controversy, and is a part of the cause of action of which the bank as a stakeholder is trustee, and as such is interested in the subject-matter. Subdivision 4 * * * in authorizing a suit in the county of the residence of one of the defendants, contemplates a real defendant, and one against whom the plaintiff has a cause of action.

* * * * * *

"The bank, being in possession of part of the money * * * was a proper party to the suit. If he was a stakeholder the plaintiff may join the depositor and the stakeholder to determine to whom it should be paid."

Stewart v. McLean, Tex.Civ.App., 210 S.W.2d 274, no writ history; Parchman v. Parchman, Tex.Civ.App., 239 S.W.2d 902, no writ history.

It must be conceded that the trial court impliedly found that a bona fide cause of action was shown against the defendant, Bexar County National Bank, whose vice-president, Mr. Dixon, testified that the bank would not give the stocks and bonds to the plaintiffs until some court orders it to do so.

As stated in James v. Drye, 159 Tex. 321, 320 S.W.2d 319, the rule is:

"On appeal from an order overruling a plea of privilege every reasonable intendment must be resolved in favor of the trial court's judgment."

See Langdeau v. Burke, Tex., 358 S. W.2d 553.

In appellant's brief it stated that "The title to the securities are not contested by this suit, they are the property of the appellees."

The question of the propriety of the court in overruling appellant's application for continuance is not one to be resolved in a venue case.

The judgment of the trial court is affirmed.

Affirmed.