**F. L. RUDINE, Appellant,**

v.

**C M C CONCRETE PIPE COMPANY, Appellee.**

**No. 14490.**

Court of Civil Appeals of Texas.

San Antonio.

June 1, 1966.

Brundidge, Fountain, Elliott & Churchill, Bob Dyess, Dallas, for appellant.

Kampmann, Kampmann, Church & Thomas, San Antonio, for appellee.

MURRAY, Chief Justice.

This is an appeal by F. L. Rudine from an order of the 57th District Court of Bexar County overruling his plea of privilege to be sued in Dallas County, Texas, the county of his residence.

Appellee, C M C Concrete Pipe Company, undertook to sustain venue of this suit under Sec. 4 of Art. 1995, Vernon's Ann.Civ.St. It is appellee's contention that, having sued two defendants, one of whom resides in Bexar County, it is entitled to maintain this suit in Bexar County. The City of San Antonio is the resident defendant. Appellee furnished appellant concrete pipe to be used by him in a contract which he was performing for the City of San Antonio. A controversy arose as to an alleged balance claimed to be due appellee by appellant in the sum of $4,805.98. The City of San Antonio was notified of this controversy and informed appellant that it would not pay him in full unless this claim was paid or settled. Whereupon appellant delivered to the City a cashier's check in the sum of $4,805.98 for its protection, and the City then paid appellant in full. The City filed an answer stating, in effect, that it had no interest in this $4,805.98, other than to see that it was paid to the proper person. The City paid the $4,805.98 into the registry of the

court and prayed that the court determine the party or parties entitled to receive said sum of money.

It is apparent from this, that the only controversy here is the one between appellant and appellee, neither of whom resides in Bexar County. The City of San Antonio was nothing more than a stakeholder of the $4,805.98, which sum it has now paid into the court.

This is in truth and in fact a suit by appellee against appellant in the sum of $4,805.98, and there exists no reason by appellant should be sued in any county other than Dallas County, the county of his residence.

Before appellee would be entitled to maintain this suit in Bexar County, it would have to prove (1) that one defendant is a resident of Bexar County, (2) that it has a bona fide cause of action against the resident defendant, and (3) that the party asserting the plea of privilege is at least a proper party to the suit against the resident defendant. 32 Tex.Law Rev. 441; Glens Falls Ind. Co. v. Sterling, 213 S.W. 2d 858. Appellee has totally failed to show that it has any cause of action against the City of San Antonio. Park v. Wood, 146 Tex. 62, 203 S.W.2d 204; Stockyards Nat. Bank v. Maples, 127 Tex. 633, 95 S.W. 2d 1300.

The City of San Antonio is no more than a nominal or auxiliary party to this suit and its residence cannot control the venue of the suit. Glens Falls Indemnity Co. v. Sterling, supra; Leslie v. Griffin, Tex.Civ. App., 23 S.W.2d 534; H. C. Burt & Co. v. City of Spearman, Tex.Civ.App., 19 S.W.2d 96; Thomas Goggan & Bros. v. Morrison, Tex.Civ.App., 163 S.W. 119.

Appellee contends, in effect, that this suit is an interpleader case and therefore venue can be maintained in Bexar County under our holding in Reid v. Uhlhorn, Tex. Civ.App., 359 S.W.2d 278 (wr. dism.). The facts in these two cases are so different that they cannot be compared. The present suit was not instituted as an interpleader case, it began as a suit on an account allegedly owing by appellant to appellee. Appellee had no claim whatever against the sum of $4,805.98 held by the City of San Antonio. The City voluntarily paid this money into court and asked that it be paid either to appellee or appellant. There is but one real controversy in this case, and it is between appellant and appellee and the proper place to try it is in the county of appellant's residence.

The judgment of the trial court is reversed and judgment here rendered sustaining appellant's plea of privilege and ordering the cause transferred to the District Court of Dallas County, Texas, as is provided by Rule 89, Texas Rules of Civil Procedure.

Reversed and rendered.