Mary Lynn WALSHAK, Appellant,

v.

Justina WALSHAK, Appellee.

No. 302.

Court of Civil Appeals of Texas.

Corpus Christi.

June 22, 1967.

O. F. Jones of Guittard, Henderson, Jones & Lewis, Victoria, for appellant.

William Borchers, of Borchers & Borchers, New Braunfels, for appellee.

GREEN, Chief Justice.

## OPINION

This is a venue case involving Subd. 10, Art. 1995, Vernon's Ann.Tex.St.

Plaintiff-appellee's original petition, introduced in evidence, alleged plaintiff Mrs. Justina Walshak, a feme sole, to be the owner of certain cattle described in the petition; that defendant Donald J. Walshak was in possession of said cattle; and that defendant-appellant Mrs. Mary Lynn Walshak, a feme sole, was claiming ownership of an interest in the cattle. Plaintiff sought judgment against both of said defendants for the title and possession of said cattle, also prayed that the cloud on plaintiff's title caused by appellant's wrongful claim be removed, that writ of possession issue, and for general relief. The petition further alleged that a part of the cattle were located in Gonzales County. Testimony of the defendant Donald J. Walshak was that many head of the cattle were located in Gonzales County, and had been there since long prior to the time the suit was filed.

Appellant Mary Lynn Walshak filed her plea of privilege to be sued in Victoria County, where she resided. Appellee to retain venue in Gonzales County, relied in her controverting affidavit on Subd. 10, Art. 1995, V.A.T.S., as follows:

"10. Personal property.—Suit for the recovery of personal property may be brought in any county where the property may be or where the defendant resides."

■ The controlling venue facts under Subd. 10, supra, are: (1) the petition must show that the suit is brought to recover personal property located in the county where the suit is filed, and (2) the plaintiff must prove that the property is located in such county; and provided the plaintiff meets such requirements, it is not necessary on the venue hearing that he prove by evidence facts constituting a cause of action for the recovery of such personal property. Langdeau v. Erwin, Tex.Civ.App., 367 S.W.2d 945, wr. dism.; Kirkland v. Kirkland, Tex.Civ.App., 324 S.W.2d 21; Hearn v. Frazier, Tex.Civ.App., 228 S.W.2d 582, writ dism.; Welch v. Scarbrough, Tex.Civ.App., 211 S.W.2d 390; Downing v. Slattery, Tex.Civ.App., 144 S.W.2d 371; Congleton v. L. Mundet & Son, Inc., Tex.Civ.App., 43 S.W.2d 1111, writ dism.; Southwest Nat. Bank v. Chapman, Tex.Civ.App., 266 S.W. 599.

■ Appellant, in its sole point of error, says that this is not a suit for the recovery of personal property, but is a suit to remove a cloud from title, and hence that Subd. 10, Art. 1995 is not applicable. Since the evidence shows beyond dispute that a large number of the cattle were in Gonzales County, we look only to the contents of plaintiff's petition to determine whether this is a suit for the recovery of personal property. The pertinent material allegations of plaintiff's petition are set forth above. It is our opinion that this was a suit for the recovery of personal property located in Gonzales County, and that under Subd. 10, Art. 1995, V.A.T.S., venue was properly retained in the district court of Gonzales County.

Judgment affirmed.