John B. WALTON, Jr., Appellant,

v.

GRAYSON ENTERPRISES, INC., Appellee.

No. 508.

Court of Civil Appeals of Texas, Tyler.

Nov. 19, 1970.

for payment acceptable to the creditor within 30 days from mailing of such notice, then and in that event BUYER shall be authorized to direct the Escrow Bank to then pay such debt out of the sum deposited herewith. Provided, however, that in the event Seller, in good faith, disputes any such claim, the term of this escrow agreement shall be extended until such time as the dispute has been resolved, by litigation or otherwise, or until the statute of limitations has become a bar to any such claim."

Walton, the sole defendant named in appellee's original petition, filed his plea of privilege on October 9, 1969. On October 20, appellee filed its First Amended Original Petition, in which the Mercantile National Bank was joined as a party defendant. Appellee alleged that it had made written demand of the bank for payment of the escrow deposit under the above quoted paragraph of the escrow agreement and that the bank had refused payment. Appellee also filed on October 20 its controverting plea alleging that venue properly lies in Dallas County under Article 1995, Sec. 4, Vernon's Ann.Tex.Civ.St., as the bank is a resident defendant. It is noted that in its answer, Mercantile Bank tendered the $25,000 into the Registry of the Court to be paid out by the Court, and plead that a writ of garnishment had been served upon it by appellee upon the filing of appellee's original petition.

After a hearing on the plea of privilege, an order was entered overruling Walton's plea, and appeal was perfected by Walton to the Fifth Court of Civil Appeals; the case was transferred to this Court by order of the Supreme Court of Texas.

We agree with appellee that venue properly lies in Dallas County. It is well established law in Texas that in a suit of this nature involving a controversy over funds held in escrow, the bank as a stakeholder is trustee of the escrow funds and

Tobolowsky, Schlinger & Blalock, Gerry N. Wren, Neal E. Young, Dallas, for appellant.

Douglas E. Bergman, John W. Hicks, Jr., Dallas, for appellee.

McKAY, Justice.

This is an appeal, from an order overruling the plea of privilege of John B. Walton, Jr., to be sued in El Paso County, Texas, the county of his residence. Suit was originally brought only against appellant Walton by appellee Grayson Enterprises, Inc., for breach of warranty in a sales contract. Appellant, as seller, and appellee, as buyer, had contracted for the sale of Television Station KVKM, Monahans, Texas. By a supplemental agreement, $25,000 was placed in an escrow account with the Mercantile National Bank of Dallas, with paragraph 3b of that escrow agreement reading as follows:

"(b) In the event BUYER receives notice of any bills, debts, obligations or liabilities of SELLER directly attributable to business transactions with KVKM T.V. prior to March 17, 1969, that are unpaid and unsatisfied, BUYER shall give SELLER and ESCROW BANK written notice of any such unpaid debt or obligation. In the event the SELLER does not pay same or make arrangements

is an interested party in the subject matter of the suit. Appellee having demanded the escrow funds and the bank having refused to pay them over, the bank is a proper party to the suit, and its residence is considered in determining venue under Section 4 of Article 1995, V.A.T.S. Gambrell v. Tatum, 228 S.W. 287 (Tex.Civ.App., Amarillo, 1921, n. w. h.); Long v. Martin, 234 S.W. 91 (Tex.Civ.App., Amarillo, 1921, err. dism.); Langdeau v. Erwin, 367 S.W. 2d 945 (Tex.Civ.App., Austin, 1963, writ dism.); Roberts v. Bludworth, 295 S.W. 210 (Tex.Civ.App., San Antonio, 1927, n. w. h.); Parchman v. Parchman, 239 S.W.2d 902 (Tex.Civ.App., Fort Worth, 1951, n. w. h.).

The bank's role of stakeholder has not been altered by either the escrow agreement which was extended by its own terms during the time of this litigation, or by the court order under the writ of garnishment or by the bank's offer to pay the contested funds into the Registry of the Court. Appellant's points in this regard are overruled.

Appellant cites the cases of Rudine v. C M C Concrete Pipe Company, 404 S.W. 2d 65 (Tex.Civ.App., San Antonio, 1966, n. w. h.), and H. C. Burt & Co. v. City of Spearman, 19 S.W.2d 96 (Tex.Civ.App., Austin, 1929, n. w. h.), in support of its contentions that the bank is not a proper party to this suit and that appellee has no cause of action against the bank. Both cited cases are distinguishable from the case at bar on the facts. In neither case was the third party either a stakeholder or an escrow agent, nor did the third party have an interest in the outcome of the litigation so as to be a proper party under any test.

On appeal from an order overruling a plea of privilege, every reasonable intendment must be resolved in favor of the trial court's judgment. James v. Drye, 159 Tex. 321, 320 S.W.2d 319; Langdeau v. Erwin, supra; H. E. B. Food Stores, Inc. v. Warncke, 444 S.W.2d 954 (Tex.Civ.App., San Antonio, 1969, n. w. h.).

We find that the trial court's order overruling the plea of privilege, and findings thereby implied, are supported by a preponderance of the evidence. Stockyards National Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300. All of appellant's points are overruled.

Judgment affirmed.